THE UNION PACIFIC RAILWAY COMPANY v. C. MOYER.

1. GOODS, *Destroyed by Fire— Company Negligent and Liable.*   Where goods are shipped over a railroad, and are permitted by the owner to remain at the depot of their destination until the railroad company becomes liable therefor only as warehouseman, and afterward such goods are demanded by the owner, and he is informed by the agent in charge of such depot that the goods have not yet arrived, and afterward the depot, together with the goods, is burned, *held,* that the failure to deliver the goods on demand of the owner is such negligence as will render the company liable for the value of the goods.

2. CONTRACT—*Limiting Liability.*   Where on the shipment of goods a receipt is given to the shipper therefor, on the back of which is printed a contract limiting the liability of the carrier in the transportation of the goods, and the liability as common carrier on the safe arrival of the goods at their destination, and afterward the goods are permitted to remain at their destination until such carrier becomes liable only as warehouseman, and afterward the goods are destroyed by fire, *held,* in an action by the owner to recover their value the receipt and contract are immaterial, and their exclusion as evidence is not error.

*Error from Cloud District Court.*

ACTION by *Moyer* against *The Railway Company,* to recover for freight burned in the depot of the defendant company. Trial at the November term, 1885, and judgment for plaintiff for $313.80.   *The Company* brings the case here.   The facts, as shown by the evidence and the special findings of the jury, are substantially as follows: On the 7th day of November, 1884, at Rising Sun, Ohio, plaintiff below, defendant in error, delivered to the Columbus, Toledo & Hocking Valley Railroad Company the two boxes of freight in question, to be shipped over that line and connecting lines to Clyde, Kansas. The plaintiff at the time was a resident of the state of Ohio, and left Risng Sun on the day of the shipment of the goods, and reached Clyde on the evening of the 28th of November, 1884.   The freight in question reached Clyde on November 19, and was stored in the depot at Clyde, and remained there and was burned in the depot on the morning of the 29th of No-

vember.  On the 27th of November, two days before the
depot was burned, plaintiff below instructed one Davis to take
the goods from the depot when they arrived and store them at·
his house; and on said day Davis went to the depot for the
purpose of getting the goods, and was informed by the agent
that they were not there.

*A. L. Williams,* and *Chas. Monroe,* for plaintiff in error.

Opinion by CLOGSTON, C.: The plaintiff brought this ac-
tion to recover the value of two boxes of household goods
shipped by him from Rising Sun, Ohio, to Clyde, Kansas.
The first question raised by the company is, that whatever its
liability may be, it could only be liable as warehouseman, and
not as common carrier; and as the court submitted to the
jury both questions, it is assigned as error.   In this view we
are with the plaintiff in error, that whatever its liability is, it
is as warehouseman, and not as common carrier.   The goods,
by the undisputed evidence and findings of the jury, had re-
mained some nine or ten days at the depot before they were
burned; and under the rule laid down in *L. L. & G. Rld. Co.
v. Maris,* 16 Kas. 333, in which it was held that eight days
was an unreasonable.time for goods to remain in a depot, the
lapse of such a length of time would terminate its liability as
carrier.   Plaintiff claims in his petition that the goods were
destroyed by reason of the negligence of the company.   If
this was true, then that would constitute a liability on the part
of the company as warehouseman; but as there is no evidence
tending to show the cause of the fire at the depot, no negli-
gence can be presumed.   The only other circumstance we find
in the evidence to show negligence is the fact that the plaintiff,
through his agent, demanded the goods of the company on the
27th of November.   The goods were there, and had been there
some eight days at that time, and if they had been deliv-
ered to the plaintiff, would not have been burned on the 29th.
This we think was negligence such as would make the com-
pany liable as warehouseman.   It was its fault that the goods

were not delivered, and not the fault of the plaintiff. It is true that by his fault he released the company from liability as carrier, and its relation became one in which only by the negligence of the company would it become liable for the goods. And by its refusal to deliver the goods plaintiff must recover. (See *K. C. Ft. S. & G. Rld. Co. v. Morrison*, 34 Kas. 502.) In this view of the case the error in the instructions is not material; for if the defendant was liable as warehouseman by reason of its negligence, the proof of such negligence not being controverted, the instructions could do no harm.

The second error alleged is, that the court refused to allow in evidence the receipt and contract under which the goods were shipped. The evidence shows that at the time the goods were shipped the rate of freight was agreed upon, the money paid, and a receipt was given for the goods which contained on its back certain limitations exempting the company from liability as common carrier and certain other liabilities. This receipt was offered in evidence, and the court refused to permit it. In this we see no error. This contract was one made for the benefit of the company and connecting lines in the shipment of the goods, and related to the goods during such transit and while in their hands as common carriers. There is no question in this case but that the goods reached their destination. The receipt and contract was for their conveyance from Rising Sun, Ohio, to Clyde, Kansas, and limited the liability of the company as common carrier when the goods should reach the latter point. The receipt and contract, then, had spent its force when the goods reached Clyde. It becomes immaterial, then, what the contract was in relation to the shipment of these goods. They had been shipped; the freight had been paid; the goods had been received at Clyde; and the liability of the company as a common carrier had ceased. What object, then, would it serve, or what fact would it establish? It certainly was immaterial, and was properly excluded.

We see no error in the instruction of the court, and there-

fore recommend that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.