THE KANSAS ELEVATOR COMPANY v. W. H. HARRIS *et al.*

No. 256.

1. EVIDENCE—*examined, and held properly admitted.* The plaintiff had, during the autumn of 1892, furnished the defendant —who was running an elevator for the storage of grain for hire— a certain amount of white, number two corn, of the crop of 1891. Under the contract of storage, the plaintiff was to have the same corn or an equal amount of corn of the same kind and quality, returned upon demand. The defendant upon proper demand returned only a part of the quantity, and that of an inferior quality and from the crop of 1892. *Held,* that the admission of evidence as to the value of old corn, and the difference in value of old and new corn, was not error.

2. BAILEE FOR HIRE—*not exonerated by promises to comply with his contract.* A bailee for hire who receives a consignment of grain upon a promise, express or implied, to redeliver the same, or other grain of the same kind and quality, to the consignor upon demand, and fails to do so within a reasonable time after demand, is liable for the value of the grain withheld at the time it should have been delivered, although such bailee continuously avows his intention to comply with the demand but fails to do so.

3. ———— *must refuse consignment or comply with instructions of consignor.* Where a consignment is made to a bailee for hire, accompanied with specific directions as to how the property is to be disposed of, the bailee must either refuse to accept the consignment or comply in substance with the instructions given.

Error from Wyandotte Court of Common Pleas. Hon. T. P. Anderson, Judge. Opinion filed July 16, 1897. *Affirmed.*

The plaintiff in error, the Kansas Elevator Company, was engaged in the business of operating an elevator. It received from the defendants in error certain corn to be by it unloaded, stored and reloaded. The plaintiffs below, W. H. Harris & Co., claimed that the Elevator Company had failed to return either

90          ELEVATOR CO. V. HARRIS.

N. Dept.          Opinion.   Wells, J.          6 Kan. App.

the identical corn or corn of like grade and value, and had failed to return all of the corn delivered to it; that certain corn delivered to the Elevator Company was number two, white corn, of the crop of 1891, and was of greater value than the same grade of corn of the crop of 1892, and that by reason of the failure of the Elevator Company to return this identical corn or corn of like quality, and also by reason of its failure to return the full amount of corn, they were damaged in a sum prayed for in the petition. Upon the trial, verdict and judgment were for the plaintiffs, and the defendant brings these proceedings.

*Junius W. Jenkins*, for plaintiff in error.
*N. B. Carskadon*, for defendants in error.

WELLS, J. There are five specifications of error. We will consider the first two together. By these the plaintiff in error alleges that the court erred in admitting testimony as to the value of old corn, and testimony as to the difference in value of old and new corn. One of the claims for damages was that the plaintiffs had, during the fall of 1892, furnished defendant a certain amount of number two, white corn, of the crop of 1891, and, under the contract, were to have the same corn or an equal amount of corn of the same kind and quality returned; but that the defendant returned part only, and that of an inferior quality, from the crop of 1892. If old corn was of a greater value than new corn, the plaintiffs were entitled to have returned the same kind that they deposited; and they had a right to prove the difference in value of the corn deposited and the corn returned. If there was no difference in value, that question would be immaterial.

The third specification of error is the giving of an instruction which is as follows :

" With reference to the corn that has not been redelivered to the plaintiffs, if you believe from the evidence that this corn was to be taken and redelivered to the plaintiffs as they desired and ordered it, and that orders had been made — requisitions made from the plaintiffs to the defendant, to redeliver this corn to them by loading it in cars for shipment, and the defendant has failed to do that within' a reasonable time after the request and order were made, and that it still refused to do that up to the commencement of this action, I say to you that would amount to a conversion of the corn, and the plaintiffs would be entitled to a verdict at your hands for the market value of the corn at the time and place that the corn should have been delivered to the plaintiffs by the defendant. But if you believe from the evidence that the defendant was not under any obligations to deliver this corn to the plaintiffs, except as cars were furnished at its elevator, and that it was the duty of the plaintiffs under their contract to furnish the cars, and that the plaintiffs, notwithstanding they made orders for this grain, did not furnish the cars, and that the cars in fact were not furnished at the elevator, and it was the contract that the plaintiffs were to furnish the cars, then I say to you that the plaintiffs cannot recover for this claim, and it would not amount to a conversion on the part of the defendant until cars were furnished after orders were made for the delivery of this corn."

The first objection urged to this instruction is that the defendant did not refuse to deliver the corn, but on the other hand it always promised to do so and failed to keep its repeated promise. A person cannot, by promising to perform his legal duty and failing to do it, avoid liability. He is in no better position than if he had at once notified the other party that he did not intend to comply with the demands. It would

92          ELEVATOR CO. v. HARRIS.

N. Dept.          Opinion.   Wells, J.          6 Kan. App.

have been more accurate if the court had used the word "fail" instead of "refuse," but we cannot see that the defendant was injured by this inadvertence. It is contended that the instruction is bad because it makes no exception for delay caused by matters beyond the defendant's control. All these matters were proper subjects to be presented to the jury to show what was a reasonable time in which to make the delivery. Finally, the plaintiff in error argues that because its refusal to make the delivery was not in words, but was in acts only, it could not be held for conversion. The instruction gave the law correctly on that subject.

The next complaint is of the giving of an instruction which is as follows :

"I will say to you, also, if you find that the contract between these parties was that this corn was to be separately binned and kept separately, and the identical corn redelivered to the plaintiffs when called upon for it, then if the defendant commingled that corn with other corn that would amount to a conversion ; but if that was not the contract to keep it separate, then the commingling of that corn with other corn would not be a conversion ; all that the defendant would be required to do would be to keep on hand sufficient corn of that grade to fill plaintiffs' order and deliver it to them when it was called upon so to do."

Counsel for plaintiff in error makes the mistake of supposing that the preliminary conversation had between the parties at the time they first made arrangements to do business with each other, constituted all of the contract upon which evidence could be introduced, and says in his reply : "Counsel for defendants in error admits in his brief, that the corn was put into the elevator 'under no special contract or agreement,' which eliminates one question from

the case.'' This is not correct either as to the fact, or the contention of counsel for defendant in error. If a consignment of property is made to a party engaged in business as a bailee, with specific directions as to how the property is to be disposed of, under ordinary circumstances the bailee must either refuse to accept the consignment, or comply in substance with the instructions of the consignor. In this case there was complete evidence offered showing that the consignment was accompanied by instructions to bin certain of the corn together; and also that these instructions were received by the defendant prior to the unloading of the corn. This evidence, although contradicted justified the instruction as against the objection of the defendant. As to the admission in the brief of the defendant in error, it is apparent, both by the language of the so-called admission and the argument in relation to the subject, that what was meant was, that at the first conversation there was nothing said as to either the price or the method of storing, but, as to the latter, instructions were given by letter. These it was the duty of the defendant to follow.

The plaintiff in error argues. but one additional point — that the verdict is contrary to the undisputed evidence in the case. We do not think this is true; on the contrary, the weight of evidence supports the verdict. We see no material error in the case.

The judgment will be affirmed.