W. H. HARRIS *et al.* v. KANSAS ELEVATOR COMPANY
*et al.*

**No. 12,975.**   ( 71 Pac. 804.)

SYLLABUS BY THE COURT.

1. SUPERSEDEAS BOND — *Sureties Held — Bond Construed.* After a judgment directing the payment of money had been rendered against a defendant, it gave a supersedeas bond, reciting that its purpose was to secure a stay of execution until the final determination of proceedings in error. The bond did not conform to the statute prescribing the conditions of an undertaking to stay the execution of a money judgment. The condition of the obligation was that plaintiff in error would "abide the judgment, if the same shall be affirmed, and pay the costs." The judgment was affirmed in the court of appeals. *Held,* that non-payment of the judgment constituted a breach of the conditions of the bond.

2. ———— *Case Distinguished.* The case of *McGarry v. The State,* 37 Kan. 9, 14 Pac. 491, distinguished.

Error from Wyandotte court of common pleas; WILLIAM G. HOLT, judge. Opinion filed March 7, 1903. Reversed.

*I. J. Ringolsky,* and *George W. Littick,* for plaintiffs in error.

*Junius W. Jenkins,* and *McGrew, Watson & Watson,* for defendants in error A. S. Pierce and Charles Henry.

The opinion of the court was delivered by

SMITH, J. : This was an action based on a breach of the conditions of a supersedeas bond. W. H. Harris & Co. recovered a judgment in the court of common pleas against the Kansas Elevator Company for $623 and costs. Proceedings in error to reverse the judgment were prosecuted to the court of appeals.

The elevator company filed in the court below a stay bond, as follows:

"Whereas, in the above-entitled court and cause, a judgment or final order was rendered on the 17th day of May, 1893, of the following nature, to wit:

"That the above-named plaintiffs have and recover of the above-named defendants, the sum of six hundred and twenty-three dollars ($623), together with the costs of the suit, amounting to the sum of thirty-three dollars and fifty-five cents ($33.55), which said judgment bears interest at the rate of six per cent. per annum from said day;

"And whereas, the said The Kansas Elevator Co., as plaintiff in error, intends to prosecute proceedings to reverse, vacate or modify said judgment or final order, and said plaintiff in error desires a stay of proceedings thereon until the final determination of said proceedings in error:

"Now, therefore, we, the Kansas Elevator Co. as principal, and A. S. Pierce and Charles Henry, as sureties, hereby undertake to the above-named W. H Harris, N. B. Bagley, and M. Landa, partners as W. H. Harris & Co., in the penal sum of fourteen hundred dollars ($1400), that the plaintiff in error will abide the judgment, if the same shall be affirmed, and pay the costs.

"Witness our hands, this 4th day of January, 1894.

KANSAS ELEVATOR CO.<br>By A. S. PIERCE, Mngr.<br>A. S. PIERCE.<br>CHARLES HENRY."

The judgment of the court of common pleas was affirmed. (*Elevator Co. v. Harris*, 6 Kan. App. 89, 49 Pac. 674.) The parties executing the bond then paid the costs. In this action, the plaintiffs below were denied a recovery on the stay bond, and they have come here by proceedings in error.

Section 5037, General Statutes of 1901, relates to stay of proceedings, and prescribes the conditions of

supersedeas bonds. The first and second subdivisions of the section read:

"*First,* When the judgment or final order sought to be reversed directs the payment of money, the written undertaking shall be in double the amount of the judgment or order, to the effect that the plaintiff in error will pay the condemnation money and costs, in case the judgment or final order shall be affirmed in whole or in part.

"*Second,* When it directs the execution of a conveyance or other instrument, the undertaking shall be in such a sum as may be prescribed by any court of record in this state or any judge thereof, to the effect that the plaintiff in error will abide the judgment if the same shall be affirmed, and pay the costs."

It will be seen that the conditions of the bond sued on do not conform to the first subdivision of the statute above set out, for the reason that the judgment which was sought to be stayed directed the payment of money, and, in such cases, the sureties must obligate themselves to pay "the condemnation money and costs, in case the judgment or final order shall be affirmed." The bond, however, would by its terms meet the requirements of the second subdivision of the section, if the judgment directed the execution of a conveyance or other instrument. The conditions of the bond not being applicable to either part of the section quoted, it must be regarded as a common-law obligation, not dependent on any statute for its scope or effect. The language used is that "the plaintiff in error will *abide* the judgment, if the same shall be affirmed, and pay the costs."

In determining the application and force of this condition, we must look at the situation of the parties, and the relief the elevator company sought to obtain by the execution of the bond. A judgment directing

the payment of money was rendered against it.   The
bond recites :

"And whereas, the said The Kansas Elevator Co.,
as plaintiff in error, intends to prosecute proceedings
to reverse, vacate or modify said judgment or final
order, and said plaintiff in error desires a stay of pro-
ceedings thereon until the final determination of said
proceedings in error :

"Now, therefore," etc.

By its payment of the costs the elevator company
has interpreted the bond to require nothing more from
it or its sureties.   This leads to a consideration of
what is meant by the word "abide."   The obligation
to abide by a money judgment cannot, in reason,
mean that the obligors stipulated to acquiesce in a
condition of things which it was beyond their power
to change ; that they would not complain of a judg-
ment after its affirmance in the appellate court when,
after affirmance, they could have no alternative but
acquiescence.   There was no bond needed from the
elevator company to compel it to abide by, and be
satisfied with, a final judgment which no effort on its
part could change or modify.   Every judgment debtor
must abide by a final money judgment without con-
tracting so to do.   We are required to give effect to
the conditions of the bond, and not render its provi-
sions nugatory, if it can reasonably be done.   To this
end, we may consider what defendants in error sought
to accomplish by the obligation they made.   They
make this clear.   They recite in the instrument that
its sole purpose is to secure a stay of proceedings on
a money judgment until a review of that judgment
may be had on appeal.

In *Gille v. Emmons*, 61 Kan. 217, 223, 59 Pac. 338,
which was an action on a supersedeas bond which did

not conform to the statutory requirements, the court said :

"It was good as a common-law bond. The parties executing it got all they desired under it, to wit, a stay of execution pending the determination of their proceeding in error. They cannot now be heard to urge its lack of conformity to the law. The defendant in error in the case in which it was given made no complaint concerning it. He accepted it as the parties executing it proffered it, or, rather, as they filed it in court for his benefit, which is the same as proffering it to him. He gave them the delay in time asked for, and they cannot now be heard to say that what they offered as a legal obligation and which he accepted as such was invalid and not binding on them."

The case of *McGarry v. The State*, 37 Kan. 9, 14 Pac. 491, is relied on by defendants in error as determinative of the question involved. That was an action under the bastardy act, by the state against one Stebbins, who was charged with being the father of an illegitimate child. A hearing was had before a justice of the peace, who adjudged that Stebbins was the father of the child, and he was required to enter into a recognizance, as required by law, in the sum of $400. McGarry and others became sureties on the bond, conditioned that their principal would appear in the district court and answer the complaint, not depart without leave, and abide the judgment and orders of such court. In the district court Stebbins was again adjudged to be the father of the child. There was no judgment ordering Stebbins to be imprisoned, but he was ordered to pay certain sums of money, which he failed to do. This breach alone was counted on in an action on the recognizance. The court held that the words "abide the judgment and order of the court," as used in the bastardy act, did not mean to pay the money judgment. Section 13 of

the bastardy law, quoted in the opinion, which relates to the judgment rendered and its enforcement, reads :

"The judgment shall specify the terms of payment, and shall require of such defendant, if he be in custody, to secure the payment of such judgment by good and sufficient sureties ; or, in default thereof, he shall be committed to jail until such security is given."

The judgment provided for in bastardy cases is peculiar in its terms. The defendant must secure its payment by good and sufficient securities, or stand committed to jail until he does so. The statute requiring the defendant to give security that he would "abide" the judgment was held to mean nothing more than that he would conform to the judgment, viz., give bond to pay it or go to jail. The bond in the McGarry case was a statutory one, and its scope and effect were considered in its relation to the law regulating prosecutions for bastardy. In such cases the charge for maintenance and education of the illegitimate child is not regarded in law as a debt. (*In re Wheeler, Petitioner*, 34 Kan. 96, 8 Pac. 276.)

The purpose of the recognizance was fully served when the defendant appeared in the district court to answer its judgment. The power given to imprison is more effective to compel obedience to the decree of a court than any other remedy. The sureties on the bond of Stebbins might, with reason, have complained that the court omitted to perform a duty imposed on it by statute, which was to require the defendant to secure the payment of the amount he was ordered to pay, or be imprisoned until he did so.

In the McGarry case the word "abide," used in the bond, had a meaning and force. In the case at bar it is stripped of all significance unless it requires payment of the judgment. Considering the object

which defendants in error sought to attain, and the accomplishment of that object by giving the bond, we think that a' failure to pay the judgment was a breach of the obligation.

The judgment of the court below will be reversed and a new trial ordered.

All the Justices concurring.