No. 19,429.

W. G. FULLER (CHRISTINA B. FULLER and ROY A.
FULLER, as Executors, etc., *Appellants*), v. MARY R.
LOFTUS et al. (J. V. KELLY, *Appellee*).

SYLLABUS BY THE COURT.

MECHANIC'S LIEN — *Foreclosure — Appeal — Interpretation of
Supersedeas Bond.* A supersedeas bond given on appeal from
a judgment foreclosing a mechanic's lien, which included a
personal judgment for the amount of the lien against the
property owner, interpreted and held to be a statutory bond
given under the first subdivision of section 586 of the civil
code, relating to stay of execution of judgments for the pay-
ment of money.

Appeal from Leavenworth district court; C. F. W.
DASSLER, judge *pro tem.* Opinion filed April 10, 1915.
Affirmed.

*J. C. Petherbridge,* of Kansas City, Mo., for the ap-
pellants.

*Floyd E. Harper,* of Leavenworth, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action in the district court was one
to recover on a supersedeas bond executed by Mary R.
Loftus as principal and J. V. Kelly as surety. The
plaintiff was defeated and appeals.

The case is a sequel to that of *Garrett v. Loftus,* 82
Kan. 556, 109 Pac. 179, wherein the preliminary facts
were stated as follows:

"The action in the district court was one to foreclose
a mechanic's lien. Mary R. Loftus owned an undivided
one-sixth of the lots affected, in fee simple. Her hus-
band undertook to convert a building standing upon the
lots into an ice plant, and the lumber company sold him
lumber for that purpose. A lien was duly perfected
which correctly stated the interest of the owner. After
the suit was commenced an amended petition was filed

which stated that while the action was pending Mary R. Loftus acquired the remaining interests in the property and thereby became the owner of all the shares. A personal judgment was rendered against Mary R. Loftus for the amount of the lien, the lien was charged upon the whole property, and a decree of foreclosure was entered." (p. 556.)

The judgment not having been satisfied, a special execution to sell the property was issued and the property was about to be sold when Mary R. Loftus secured an order extending the time in which to perfect an appeal and staying execution during that time on the giving of a stay bond in the sum of $1000. The bond was given and approved and contained the following provisions:

"The condition of the above obligation is such that, whereas, on the 6th day of June, A. D. 1908, judgment was rendered in the above entitled action in favor of the above named plaintiff and against the above named defendants, Mary R. Loftus and Thomas J. Loftus; and, whereas, the above named defendant, Mary R. Loftus, intends and desires to appeal from said judgment so rendered against her to the Supreme Court of the State of Kansas, and desires that execution be stayed until she can perfect her appeal in said action in said Supreme Court.

"Now, therefore, if the said Mary R. Loftus shall make and serve her case-made herein as required by law and shall file her petition in error in the Supreme Court of the State of Kansas, and give bond to stay execution against her pending her said appeal in said Supreme Court within twenty days after the case-made is settled and signed by the judge of the District Court of Leavenworth County, Kansas, then this obligation to be null and void, otherwise to be and remain in full force and effect."

When the appeal was perfected the supersedeas bond now involved was filed with the clerk of the district court and reads as follows:

"*Know All Men by These Presents,* That we, the above named defendants, Mary R. Loftus as principal, and J. V. Kelly as surety, are held and firmly bound

unto the above named plaintiff, The Robert Garrett Lumber Company, a corporation, in the penal sum of twelve hundred ($1200) dollars, for the payment of which said sum of money well and truly to be made, we hereby bind ourselves, our heirs, executors, administrators and asigns, securely and firmly by these presents.

"The condition of the above obligation is such that, whereas, on the 6th day of June, A. D. 1908, judgment was rendered in the above entitled action in favor of the above named plaintiff and against the above named defendants, Mary R. Loftus and Thomas J. Loftus, and said defendant Mary R. Loftus intends to appeal from said judgment rendered against her in said action to the Supreme Court of the State of Kansas.

"Now, therefore, if upon the final hearing of her said appeal in the Supreme Court of the State of Kansas, said judgment of the District Court of Leavenworth County, Kansas, against her be reversed, or if said judgment against her be affirmed and said Mary R. Loftus shall pay the amount of said judgment and costs adjudged against her, then this obligation shall be null and void; otherwise to be and remain in full force and effect."

The appeal was taken from the entire judgment and not merely from that portion imposing a personal liability upon Mary R. Loftus. In this court Mary R. Loftus contended, first, that her property was not subject to the mechanic's lien at all; second, that in no event could the mechanic's lien extend to more than a one-sixth interest in her property; and third, that the personal judgment against her was unauthorized. She was sustained in her second and third contentions, and the judgment was affirmed only so far as it foreclosed the mechanic's lien upon a one-sixth interest in the property. Pending the appeal Mary R. Loftus suffered the property to be sold for taxes and the title to become otherwise clouded, and it is no longer security for the amount of the mechanic's lien, $481.67 with interest at the rate of six per cent per annum from June

6, 1908. Hence this suit on the supersedeas bond. The present plaintiff is an assignee of the Garrett Lumber Company.

The statute reads as follows:

"No appeal from any judgment or final order rendered in any court from which an appeal may be taken, except as provided in the next section and the fourth subdivision of this section, shall operate to stay execution, unless the clerk of the court in which the record of such judgment or final order shall be shall take a written undertaking, to be executed on the part of the appellant to the adverse party, with one or more sufficient sureties, as follows:

"*First.*—When the judgment or final order sought to be reversed directs the payment of money, the written undertaking shall be in double the amount of the judgment or order, to the effect that the appellant will pay the condemnation money and costs in case the judgment or final order shall be affirmed in whole or in part.

.     .     .     .     .     .     .     .     .     .     .     .

"*Third.*—When it directs the sale or delivery of possession of real property, the undertaking shall be in such sum as may be prescribed by any court of record in this state or any judge thereof, to the effect that during the possession of such property by the appellant he will not commit or suffer to be committed any waste thereon, and if the judgment be affirmed he will pay the value of the use and occupation of the property from the date of the undertaking until the delivery of the possession pursuant to the judgment and all costs. When the judgment is for the sale of mortgaged premises and the payment of a deficiency arising from the sale, the undertaking must also provide for the payment of such deficiency." (Civ. Code, § 586.)

The obligors contend that the bond is a plain, unambiguous statutory bond given under the first subdivision of the statute and had no effect except to stay general execution on the personal judgment against Mary R. Loftus. The personal judgment and the judgment foreclosing the mechanic's lien were separate matters, the stay of one bore no relation to a stay of the other, and the proper method of effecting a stay

of the foreclosure would have been to give a bond under the third subdivision of the statute to protect against waste. If this position be sound the judgment of the district court was correct and must be affirmed.

The obligee contends that the bond does not disclose a purpose to stay execution on a portion of the judgment only. The bond contains two provisions rendering it void, first, if the judgment against Mary R. Loftus be reversed, and second, if the judgment against Mary R. Loftus be affirmed and she pay the amount of it. As a matter of fact the judgment was neither affirmed nor reversed as an entirety. It contains two adjudications against Mary R. Loftus, first, that she personally pay the amount of the mechanic's lien, and second, that her property be sold to satisfy the mechanic's lien. The second part was as much a judgment against Mary R. Loftus as the first part and the second part was not reversed as to a one-sixth interest in the property. The judgment ran against Thomas J. Loftus and Mary R. Loftus. The words of both bonds, "judgment against her," were used to distinguish the judgment against Mary R. Loftus, who alone appealed, from the judgment against Thomas J. Loftus, and not to distinguish the personal judgment against her from the judgment against her establishing and foreclosing the mechanic's lien. The judgment establishing and foreclosing the mechanic's lien not having been reversed, the obligation to pay the penalty of the bond is by its terms in full force.

Since the bond does not clearly and definitely limit liability to a single feature of the judgment against Mary R. Loftus, and is open to interpretation, it is proper to inquire into the situation and circumstances of the parties when the bond was given. When these are examined its purpose is manifest, and that purpose having been accomplished the bond should be interpreted accordingly. (*Harris v. Elevator Co.*, 66 Kan. 372, 71 Pac. 804.)

In the beginning Mary R. Loftus obtained a stay, not simply of general execution against her, but of a special execution to enforce the mechanic's lien against her. The creditor was not moving against her personally, but against her property only. No occasion existed to stay execution of the personal part of the judgment. She obtained this stay by means of a bond which itself promised a bond to stay execution against her pending appeal, without limitation to a particular feature of the judgment. She prepared and prosecuted her appeal from the entire judgment and not from a part of it, and her solicitude extended to a sale of her property, the appropriation of which would have relieved her personal liability. The purpose of the supersedeas, like the stay, was to prevent a sale of the property. If this view be correct the judgment of the district court must be reversed.

The law governing the controversy is clear enough. The question is purely one of interpretation. The meaning of a surety contract is to be ascertained in precisely the same way as the meaning of any other contract. When the meaning of the contract is ascertained the surety is bound to the extent that he consented to be bound, but no further. The existence of the third subdivision of the statute authorizing a bond to indemnify against waste is merely an item to be considered in interpreting the bond which was given, and the bond which was given is good as a common-law bond if it be of the tenor claimed by the obligees. Decisions from other states upon other statutes and other facts are of no assistance. The whole question has been stated and a majority of the court is of the opinion that the bond was a statutory bond to stay execution on the personal judgment only.

The writer is obliged to dissent. The contention of the obligors is a pure afterthought which virtually works a trick on the obligee and is not consistent with

the terms of the bond, considered in the light of the situation and desires of the obligors when it was given.

The judgment of the district court is affirmed.

BURCH, J., dissenting.