No. 22,809.

BANK OF TOPEKA, *Appellee*, v. THE VALK MANUFACTURING COMPANY et al. (GEORGE W. REED, *Appellant*).

### SYLLABUS BY THE COURT.

1. NOTE AND MORTGAGE — *Assumed by Corporation — Corporation Dissolved—Directors Become Trustees—Payment on Note by Trustees Tolls Statute of Limitation.* Where a corporation which has accepted a deed in which it assumes and agrees to pay a mortgage is dissolved the directors become trustees charged with the duty of winding up its business, and a payment in their behalf upon the note secured by the mortgage is to be regarded as one made by the debtor and is sufficient to toll the statute of limitation.

2. SAME—*Pleadings—Evidence—Findings.* The pleadings and evidence are held to warrant a finding that payments on a note by one who had been a director in a corporation which had become liable thereon and had afterwards been dissolved were made in behalf of the ex-directors acting as trustees.

Appeal from Shawnee district court, division No. 1; ROBERT D. GARVER, judge. Opinion filed January 8, 1921. Affirmed.

*Hiram C. Root,* of Topeka, for the appellant.
*D. R. Hite,* of Topeka, for the appellee.

The opinion of the court was delivered by

MASON, J.: The Bank of Topeka brought an action to foreclose a real-estate mortgage of which it had become the owner by purchase. The foreclosure was resisted by George W. Reed, who had purchased the land, on the ground that it was barred by the statute of limitation. The bank recovered judgment and Reed appeals.

The note and mortgage were executed February 19, 1909, and matured in three years from that date. The plaintiff acquired them July 1, 1909, the assignment to it being recorded May 4, 1911. A payment was made on the note February 19, 1913. Reed obtained a deed to the land "subject to incumbrance of record" April 7, 1914, which was not recorded until April 26, 1919. The present action was brought July 17, 1918, more than five years and four months after the payment on the note already referred to. Two other payments were made, one October 30, 1916, and one January 5, 1917, which were sufficient to interrupt the running of the statute of limitation and give it a new starting point, unless, as claimed by the appellant, they were made by a stranger to the matter who was under no obligation with respect thereto and therefore could not affect the operation of the statute. The case turns upon the soundness of the appellant's contention in this regard, to determine which it is necessary to consider the details of the transactions involved.

1. The note and mortgage were made by the Valk Manufacturing Company, an Arizona corporation. This company on July 5, 1909, conveyed the land to a Kansas corporation of the same name, which in the deed agreed to pay the mortgage. The Kansas corporation was dissolved in 1914. The payments on the note in 1916 and 1917 were made to the bank by J. H. Kaiser, who had been secretary of each of the corporations referred to and afterwards (according to the evidence)

president of the Kansas company, and therefore necessarily a director. (Gen. Stat. 1915, § 2123.)

The Kansas corporation, having upon its purchase of the land assumed the payment of the mortgage debt, became personally and primarily liable therefor—the principal debtor. When that corporation was dissolved its obligations were not extinguished. The rule of the common law to that effect has never met with general acceptance in this country. (Note, 69 L. R. A. 141.) Under our statute, no receiver having been appointed, the directors of the corporation upon its dissolution became trustees, charged with the administration of its property for the benefit of the creditors and stockholders. (Gen. Stat. 1915, § 2184.) The title of the corporate property vested in them and they became charged with the payment of the corporate debts, including the note here involved. They were not liable thereon individually but as trustees they were bound to the extent of the assets in their hands. The holder of the note might have sued the trustees upon it, ignoring the mortgage, collecting any judgment out of the trust property, subject to equities of other creditors. If the payments on the note by Kaiser in 1916 and 1917 are regarded as having been made in behalf of the trustees they kept the note alive and as an action could still be maintained thereon when this suit was begun the mortgage was not barred. (*Schmucker v. Sibert,* 18 Kan. 104; *Perry v. Horack,* 63 Kan. 88, 64 Pac. 990.) If the statute of limitation had once run against the note a subsequent part payment by the maker would not have revived the mortgage against one who had already purchased the property, but that is not the situation here presented.

2. Nothing in the evidence compels the conclusion that the payments by Kaiser were made otherwise than in his capacity as trustee out of the assets left by the corporation, and we consider the trial court to have been justified in treating them as having been made in behalf of the trustees in pursuance of their duties as such. The plaintiff pleaded that they were made in behalf of the grantee in a deed to the land who assumed and agreed to pay the note. Read literally this describes the Kansas corporation, but as the directors upon its dissolution became trustees charged with the duty of winding up its business they were collectively its successor in interest,

standing in its place, and the phrase employed by the pleader may be regarded as applying to them in that capacity. The payments are the more readily to be attributed to these trustees because of the conduct of the purchaser who is resisting the foreclosure. His withholding of his deed from record left the bank in ignorance of his interest. The record indicates that he was in possession of the property at some time, but does not show that he took possession before the action was brought. There was evidence that he had been told of the payments made by Kaiser; that as late as 1916 he had stated to a representative of the bank that he was negotiating for the purchase of the property and that Kaiser was to make certain payments, that he then had no deed to the land, and that he would make some arrangement to take up the mortgage.

The judgment is affirmed.

## OPINION DENYING A MOTION FOR REHEARING.

### (Filed February 12, 1921.)

In a motion for a rehearing the appellant urges (1) that the maturity of the mortgage was accelerated by the failure to pay taxes, and (2) that where the statute of limitation begins running on that account a payment on the principal does not toll it. The provision of the mortgage with respect to the non-payment of taxes, however, was not that upon such default the debt should become due, but that the holder might "without notice declare the whole sum . . . due and payable at once"; and might "immediately cause this mortgage to be foreclosed." This language appears merely to give the holder an option to declare the debt due (*York-Ritchie Co. v. Mitchell,* 6 Kan. App. 317), in which case as no such declaration was made there was no acceleration. (*Kennedy v. Gibson,* 68 Kan. 612, 617, 75 Pac. 1044; *Bank v. Grisham,* 105 Kan. 460, 472, 185 Pac. 54; 17 R. C. L. 771-2, 793-4.) But in any event the payments on the debt would in each instance have given a new starting point for the statute of limitation; the appellant's suggestion to the contrary seems to be derived from a misconception of the effect of *Miles v. Hamilton,* 106 Kan. 804, 189 Pac. 926. That case does not decide that where maturity is accelerated by

the nonpayment of taxes a subsequent payment on the principal does not interrupt the running of the statute of limitation, but that such part payment, if made before the original maturity of the debt, does not postpone until that time its renewed operation—does not restore the original status.

The signer of a note and mortgage who has sold the mortgaged property cannot revive the mortgage by making payments on the note after it has once been barred; but so long as the statute of limitation has not run against the note he can keep both that and the mortgage alive by payments, notwithstanding his having parted with the property. (*Schmucker v. Sibert*, 18 Kan. 104, 109.) Here the note was never barred and the payments which kept it in force preserved the lien as well.

The motion for a rehearing is denied.