No. 28,185.

THE KANSAS WHEAT GROWERS ASSOCIATION, *Appellant*, v. THE FARMERS ELEVATOR COMPANY OF LURAY, *Appellee*.

(272 Pac. 181.)

Opinion filed December 8, 1928.

*T. A. Noftzger, George W. Cox, W. J. Masemore* and *J. L. Wiegand,* all of Wichita, *George W. Holland* and *C. R. Holland,* both of Russell, for the appellant.

*Oscar Ostrum,* of Russell, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This action is one to recover the value of wheat deposited with the defendant for the plaintiff by growers of wheat, members of the plaintiff association, under the terms of a written contract. Judgment was rendered in favor of the defendant, and the plaintiff appeals.

The contract provided that—

"In consideration of the mutual obligation of the respective parties hereto, and as an aid in carrying on the undertaking on the part of the association to provide an efficient coöperative marketing system for wheat as set forth in existing contract and agreements between the association and its individual members . . .

"The association shall use the facilities of the company located at Luray, Kansas, in making the delivery of wheat of. its members to the association . . .

"The company agrees to separate, and to keep separate from all other grain, the wheat delivered to it by the association members for shipment to the association, except in such cases and at such times as limited local storage facilities forbid, and in such cases the company agrees to ship to the order of the association and at the order of the association an equivalent amount of wheat of equal grade, quality and value . . .

"The company agrees to deliver to the association in full all wheat delivered to the said company by the members of the association . . .

"It is further agreed that any damage or deterioration of wheat while in control of the company shall constitute a direct liability on the part of the company, unless it shall prove that such damage or deterioration is the result of causes beyond its control and no way due to its neglect or carelessness . . .

"It is mutually agreed that the company shall charge and the association shall pay for the weighing, grading, handling and shipping of all wheat delivered to the company by the members of the association and for the accounting as herein agreed. . . ."

We quote from the brief of the plaintiff as follows:

"Under a contract dated June 14, 1924, between the Farmers Elevator Company, of Luray, Kansas, and the Kansas Wheat Growers Association the former received from the members of the latter 31,917 bushels, 40 pounds of wheat . . .

"The Farmers Elevator Company delivered to the association 28,209 bushels and 10 pounds of this wheat, leaving a balance on hand, after allowing for one-half of one per centum or 159 bushels and 20 pounds for shrinkage, 3,549 bushels, 10 pounds."

Four demands were made by the plaintiff on the defendant for the delivery of the wheat which had not been delivered, one on June 8, 1925, one on June 15, another on June 25, and the last on July 15, 1925. No effort was made to respond to the demands made on June 8, June 15, or June 25, 1925. On July 17, 1925, defendant began loading a car of the wheat to be delivered to the plaintiff. In the early morning of July 18, 1925, the elevator was burned, together with the car in which part of the wheat had been loaded, and all of the wheat was destroyed. On June 8, 1925, when the first demand was made, the wheat was worth $1.68½ a bushel.

1. The plaintiff argues that "the court should have instructed the jury to return a verdict for the plaintiff." Such an instruction was requested, but the court failed to give it. The petition set out two causes of action, one to recover the value of the wheat for failure to deliver it under the contract, and another to recover the value of the wheat on account of its conversion by the defendant. At the conclusion of the evidence the plaintiff requested an instruction to the jury that a verdict be returned by the jury in favor of the plaintiff.

In *Elevator Co. v. Harris*, 6 Kan. App. 89, that court said:

"A bailee for hire who receives a consignment of grain upon a promise, express or implied, to redeliver the same, or other grain of the same kind and quality, to the consignor upon demand, and fails to do so within a reasonable time after demand, is liable for the value of the grain withheld at the time it should have been delivered, although such bailee continuously avows his intention to comply with the demand but fails to do so." (Syl. ¶ 2.)

In *U. P. Rly. Co. v. Moyer*, 40 Kan. 184, 19 Pac. 639, this court declared that—

"Where goods are shipped over a railroad, and are permitted by the owner to remain at the depot of their destination until the railroad company becomes liable therefor only as warehousemen, and afterward such goods are demanded by the owner, and he is informed by the agent in charge of such depot that the goods have not yet arrived, and afterward the depot, together with the goods, is burned, held, that the failure to deliver the goods on demand of the owner is such negligence as will render the company liable for the value of the goods." (Syl. ¶ 1.)

See, also, *Henry v. Railway Co.*, 83 Kan. 104, 112, 109 Pac. 1005; 6 C. J. 1151; 38 Cyc. 2031; 3 R. C. L. 114.

The defendant was liable to the plaintiff for the value of the wheat. The instruction requested should have been given.

2. The defendant argues that—

"The plaintiff waived any alleged breach of contract because of delay by defendant under the earlier demands, by making a new demand on July 15, 1925, followed by acts done and expenses incurred by defendant in compliance with such demand."

We quote from *Street Lighting Co. v. City of Wichita*, 101 Kan. 452, as follows:

"A waiver of a contract right implies a voluntary and intentional renunciation of it, and some positive act or positive inaction inconsistent with the contract right is necessary to create a waiver." (Syl. ¶ 1.)

See, also, *Eikelberger v. Insurance Co.*, 105 Kan. 675, 681, 189 Pac. 139; *Harpham Brothers Co. v. Perry*, 118 Kan. 457, 461, 235 Pac. 1039; 27 R. C. L. 908.

This court is unable to see wherein there was any intention to waive any right of the plaintiff by repeating its demands for the delivery of the wheat. The plaintiff was insisting at all times on the delivery of the wheat. The subsequent demands did not waive any right that the plaintiff had to the wheat or to recover its value.

3. Another matter argued by the defendant is that—

"The contract between plaintiff and defendant did not contemplate storage of grain and provided no compensation for storage and hence defendant was not a warehouseman."

That is not a correct interpretation of the contract. It specifically provided for weighing, grading, handling, and shipping the wheat. Defendant was operating an elevator. Wheat would not come into the elevator in carload lots so that it could be shipped out immediately. It would come in by wagon and truck, each containing much less than a carload. It was necessary to store the wheat until a carload could be secured.

4. The defendant urges that "mere negligence or nonfeasance cannot constitute conversion." In response to this contention it may be said that when a bailee under obligation to deliver the thing bailed to the bailor refuses to deliver the bailment on demand, the bailee is liable for the conversion of the property. (See authorities above cited.)

Other matters are urged by the plaintiff. They do not require discussion because judgment should be ordered for the plaintiff.

The judgment is reversed, and the trial court is directed to enter judgment in favor of the plaintiff for $5,980.35.