STATE, RESPONDENT, v. WOOD, APPELLANT.

(No. 3,964.)

(Submitted April 24, 1917.   Decided May 26, 1917.)

[165 Pac. 592.]

*Osteopathy — Practicing Without License — Information—Sufficiency—Negativing Exceptions.*

Criminal Law—Indictment and Information—Negativing Exceptions.
    1.   Unless an exception found in a statute is a part of the definition of the offense sought to be described, the state is not required to negative such exception in an indictment or information.
Osteopathy—Practicing Without License—Negativing Exception.
    2.   *Held,* that the proviso in section 1605, subdivision b, Revised Codes, that nothing in the section (defining the practice of osteopathy) shall be construed to restrain or restrict a legally licensed physician or surgeon in the practice of his profession, is not an exception within the meaning of paragraph 1, *supra,* since neither physician nor surgeon can practice osteopathy without first obtaining a license from the board of osteopathic examiners.

    [As to statutes regulating the practice of physicians and surgeons and to whom they apply, see note in 98 Am. St. Rep. 742.]

Same—Temporary Certificate—Information—Sufficiency.
    3.   *Held,* further, that the provision of section 1597, Revised Codes, that the secretary of the board of osteopathic examiners may, upon examination, grant a certificate to practice osteopathy until the next meeting of said board, when the temporary certificate shall expire, is not an exception, but a matter of defense, hence the state was not required to negative defendant's possession of a temporary certificate.

*Appeal from District Court, Fergus County; Roy E. Ayers, Judge.*

B. J. WOOD was convicted of practicing osteopathy without a license, and, from the judgment and from an order denying his motion for new trial, he appeals.   Affirmed.

*Mr. C. J. Marshall, Mr. W. H. Smith* and *Messrs. Morris & Hartwell,* the latter of the Bar of La Crosse, Wisconsin, for Appellant, submitted a brief.

This indictment charges the defendant with the practice of osteopathy "without first having obtained a certificate or license, *etc.* * * * and he, the said B. J. Wood, not being then and

there a practitioner of medicine and surgery." Section 1601, Revised Codes, prohibits the practice without a license or certificate issued after certain examinations. This is covered in the indictment. In section 1604b regularly licensed physicians are exempted. Section 1597 provides for the issuance of a temporary certificate by the secretary of the board. This is not negatived in the indictment. Appellant respectfully urges that the negativing of the provision in section 1604b was unnecessary, as the offense is completely charged without mentioning it. It is a matter of defense. Also that having assumed the burden of mentioning and negativing any unnecessary provision of the law, the state thereby assumes the duty of negativing all of the exceptions. This it has not done, failing to mention the class of persons set forth in section 1597. So the indictment must fall. (*State* v. *Huxoll,* 191 Mo. 304, 178 S. W. 866; 22 Cyc. 347; *State* v. *Pittman,* 10 Kan. 593; *State* v. *Pitzer,* 23 Kan. 250; *State* v. *Sommers,* 3 Vt. 156; *Herring* v. *State,* 114 Ga. 96, 39 S. E. 866; *Gee Wo* v. *State,* 36 Neb. 241, 54 N. W. 513.) Defendant's motion to quash the indictment should have been granted.

It is elementary that the state must prove all of the material allegations of the indictment. Having assumed the burden of showing that the defendant had no legal right to practice, the state should have shown every element, including the fact that defendant had no temporary certificate, which appellant urges is not issued after an examination and not issued by the board, but by its secretary.

*Mr. S. C. Ford,* Attorney General, *Mr. Frank Woody,* Assistant Attorney General, and *Mr. J. P. Donnelly,* for Respondent, submitted a brief; *Mr. Donnelly* argued the cause orally.

It is elementary that if the indictment charged an offense without negativing the fact that the appellant had a temporary certificate, then such fact, if true, was a matter of defense, and need not be proved by the state. Therefore the only question so far as this feature of the case is concerned is: Should the exception provided for by section 1597, Revised Codes, relating

to temporary certificates, be negatived in the indictment? The rule as to when an exception or proviso should be pleaded in an indictment or information has been variously stated by the authorities. The great weight of authority, however, and the rule adpoted by this court is that it makes no difference in what part of the Act the exception is found, the criterion which will determine the necessity of its negation, is this: Is the exception or proviso an ingredient or constituent part of the definition of the offense? If it is, the exception should be negatived in the pleading; if not, it is a matter of defense. (*State* v. *Williams,* 9 Mont. 179, 23 Pac. 335, *Territory* v. *Burns,* 6 Mont. 72, 9 Pac. 432; *State* v. *Abbey,* 29 Vt. 60, 67 Am. Dec. 754; *Jenkins* v. *State,* 36 Tex. 638; *State* v. *Rupe,* 41 Tex. 33; *Territory* v. *Scott,* 2 Dak. 212, 6 N. W. 435; *Ferner* v. *State,* 151 Ind. 247, 51 N. E. 360; *Hale* v. *State,* 58 Ohio St. 676, 51 N. E. 154; *People* v. *Boo Doo Hong,* 122 Cal. 606, 55 Pac. 402; *State* v. *Miller,* 24 Conn. 522; *United States* v. *Cook,* 17 Wall. (U. S.) 173, 21 L. Ed. 538; *Nelson* v. *United States,* 30 Fed. 112.)

It is manifest that the exception in the present case constitutes no part of the definition of the offense; that it affords a matter of excuse merely, and should be relied upon in defense.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

B. J. Wood was convicted of practicing osteopathy without a license, and has appealed from the judgment and from an order denying his motion for a new trial.

The three specifications of error raise but a single question, *viz.:* Was it necessary for the state to plead and prove that, at the time the alleged offense was committed, the defendant did not have a certificate issued by the secretary of the board of osteopathic examiners authorizing him to practice osteopathy until the next meeting of the board? If it was necessary to allege the fact, it was necessary to prove it, and, conversely, if it was not necessary to allege it, it was not necessary to offer any proof

concerning it.    The fact is not alleged, and the state did not offer any evidence upon the subject; hence these appeals.

The practice of osteopathy is regulated by sections 1594–1606, [1–3]  Revised Codes.   A state board of osteopathic examiners is created and its duties defined.   Every person who practices osteopathy in this state is required to secure from such board a license authorizing him to do so.   Section 1596 provides: "It shall be unlawful for any person to practice osteopathy in this state without a license from said board."    And section 1601 prescribes the penalty for a violation of the statute.   Section 1605 defines the practice of osteopathy, and subdivision "b" concludes as follows: "Provided, however, that nothing in this section shall be construed to restrain or restrict any legally licensed physician or surgeon in the practice of his profession." Section 1597 provides: "The secretary of the board of osteopathic examiners may upon examination, grant a certificate to an applicant to practice osteopathy until the next meeting of said board when he shall report the facts, at which time the temporary certificate shall expire," *etc.*

The indictment upon which defendant was tried charges him with practicing osteopathy for compensation "without first having obtained a certificate or license from the state board of osteopathic examiners of the state of Montana entitling him so to do," and the charging part of the indictment concludes: "He, the said B. J. Wood, not being then and there a practitioner of medicine and surgery regularly and duly licensed to practice under the laws of the state of Montana."    It is the contention of appellant that the provision of section 1597 relating to one who has a temporary certificate to practice osteopathy, and the provision of section 1605b relating to licensed physicians and surgeons, each constitutes an exception to the statute which defines the offense of practicing osteopathy without a license, and, since the state negatived one of these exceptions, it was incumbent upon it to negative the other, and, having failed to do so, the indictment does not state a public offense and will not support a judgment of conviction; and, since the state did not

prove that defendant did not have such temporary certificate, the evidence is insufficient to sustain the verdict.

We are not prepared at this time to accept the rule announced by the Kansas City court of appeals, in *State* v. *Huxoll*, 191 Mo. App. 304, 178 S. W. 866, as applied to the facts of that case; but assuming, for the purposes of these appeals only, that the rule correctly states the law, and that, "where an indictment is unnecessarily particular in its negatives the state is concluded by it if it fails to specifically negative all the exceptions," we are confronted in this instance with the inquiry: Does this case fall within the rule? Does this indictment negative one exception found in the statute, and fail to negative another one found therein?

"An exception takes out of an engagement or enactment something that would otherwise be part of the subject matter of it." (Bouvier's Law Dictionary.)  If the concluding portion of subdivision "b," section 1605, quoted above, is an exception, then a physician or surgeon is not within the prohibition of the penal statute, and may lawfully practice osteopathy as such in this state without a license from the state board of osteopathic examiners.  That this was not the intention of the lawmakers is practically a demonstrable fact.  The practice of medicine and surgery is regulated by sections 1585–1593, Revised Codes. *Every person* who practices medicine or surgery is required to secure a certificate from the state board of medical examiners, and every person who violates the statute is guilty of a misdemeanor.  Section 1590 excepts from the provisions of the statute skilled and experienced midwives, commissioned surgeons of the army and navy in the discharge of their official duties, and physicians or surgeons, from other jurisdictions, in actual consultation here.  Section 1591 defines "practicing medicine or surgery," and then proceeds: "Provided however, that nothing in this section shall be construed to restrain or restrict any legally licensed osteopathic practitioner practicing under the laws of this state."  A physician or surgeon, within the meaning of these statutes, is one who has received from the state

board of medical examiners a certificate authorizing him to practice medicine and surgery. An osteopathic practitioner is one who has received from the state board of osteopathic examiners a license authorizing him to practice osteopathy.

In *State* v. *Dodd,* 51 Mont. 100, 149 Pac. 481, we considered these statutes at length and concluded that the practice of medicine and surgery does not include the practice of osteopathy, and that the practice of osteopathy does not include the practice of medicine and surgery; that the legislature has grouped all persons practicing the healing art into two distinct classes, (1) physicians and surgeons, and (2) osteopathic practitioners, and that the so-called proviso added to section 1591 above "did not affect the status of osteopathic practitioners in the least. They were confined thereafter, as theretofore, to the practice of osteopathy and forbidden to practice medicine or surgery without the certificate from the state board of medical examiners required of everyone who seeks to engage in such practice." We are more than ever confirmed in the correctness of those conclusions. The so-called proviso found in section 1591, and the like provision in section 1605b, were doubtless enacted out of abundance of caution and to emphasize the legislative intention that neither school of practice should be held to infringe upon the other.

Having determined that the provision in section 1591 does not permit an osteopathic practitioner to practice medicine or surgery without a certificate from the state board of medical examiners, it follows that the compensating provision in section 1605b does not permit a physician or surgeon to practice osteopathy without a license from the state board of osteopathic examiners, and, since the provision in section 1605b does not exempt physicians or surgeons from the operation of the statute prohibiting the practice of osteopathy without the required license, it is not an exception within the meaning of that term as applied to statutory construction. It follows that the indictment under review does not negative any exception, and that the rule invoked by appellant has no application here.

Assuming that the provisions of section 1597 constitute an exception, was it necessary for the state to negative that exception by pleading and proving that this defendant did not have a temporary certificate from the secretary of the state board of osteopathic examiners authorizing him to practice osteopathy until the next meeting of the board? In *Territory* v. *Burns,* 6 Mont. 72, 9 Pac. 432, this court announced the rule as follows: "The criterion which determines the necessity to negative such exception is that it be a constituent or ingredient of the offense. In other words, that such exception is necessary to its complete definition. When the exception is not a part of the definition of the offense, and in this way does not, therefore, become a part of the enacting clause, it is a matter of defense." The rule has since been approved in *State* v. *Williams,* 9 Mont. 179, 23 Pac. 335, and in *State* v. *Tully,* 31 Mont. 365, 3 Ann. Cas. 824, 78 Pac. 760, and is approved by the authorities generally. (*Ferner* v. *State,* 151 Ind. 247, 51 N. E. 360; *Hale* v. *State,* 58 Ohio St. 676, 51 N. E. 154; *Smith* v. *People,* 51 Colo. 270, 36 L. R. A. (n. s.) 158, 117 Pac. 612.) A further citation of the authorities will be found in the note to *Devine* v. *Commonwealth,* 13 Ann. Cas. 364; in 14 R. C. L. 188; and in 22 Cyc. 344.

The completed offense of practicing osteopathy without a license is clearly defined in the statute without reference to the provisions of section 1597. The exception is not any part of the definition of the offense, and it was therefore not necessary to negative it. If the defendant had such temporary certificate, it was a matter of defense.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.