STATE, RESPONDENT, *v.* FINLEY, APPELLANT.

(No. 5,585.)

(Submitted October 31, 1924. Decided December 8, 1924.)

[231 Pac. 390.]

*Criminal Law—Narcotics—Illegal Sale—Exemptions—Information — Surplusage — Evidence — Exclusion — When Offer of Proof Necessary.*

Narcotics — Illegal   Sale — Exemptions — Information—Surplusage—Matter of Defense.
  1.  In the prosecution for the illegal sale of morphine under section 3189, Revised Codes of 1921, the information need not contain the negative averment that the drug was not sold upon prescription; if it does contain such an allegation it is surplusage, rendering proof thereof unnecessary, the fact that it was so sold being a matter of defense.

Instructions—When Refusal not Error.
  2.  Refusal of an instruction the essential elements of which were contained in another paragraph of the charge was not error.

Evidence—Exclusion of Testimony—When Offer of Proof Necessary to Warrant Review of Alleged Error.
  3.  Where a question does not clearly indicate the answer expected to be given thereto and an objection to it is sustained, the appellate court, in the absence of an offer of proof, is not in a position to say that error was or was not committed in its exclusion.

*Appeal from District Court, Silver Bow County; J. J. Lynch, Judge.*

CHARLES FINLEY was convicted of violating the Drug Act and appeals from the judgment and the order denying his motion for a new trial. Affirmed.

Cause submitted on briefs of Counsel.

*Messrs. McCaffery & Sullivan,* for Appellant.

It is necessary under section 3189, Revised Codes of 1921, in order for the information to state a public offense to allege that the sale, barter, exchange or giving away of the prohibited drugs was made by the purchaser without any original written prescription of a duly licensed physician, duly licensed to practice medicine in Montana. It will be observed that the state at no stage of proceedings offered any evidence of the absence of the required prescription. We think that it was absolutely necessary for the state to prove this negative averment of the information before a public offense was shown. The burden of proof of a negative averment in an information which is part of the enacting clause and a substantial portion of the definition of the offense is upon the state. (16 C. J., sec. 999; *Harris* v. *State,* 14 Ga. App. 574, 81 S. E. 815; *Ferguson* v. *State,* 1 Ga. App. 841, 58 S. E. 57; *State* v. *Connor,* 142 N. C. 700, 55 S. E. 787.)

The decisions under the National Harrison Drug Act are inapplicable for the reason that section 8 of that Act specifically provides that the burden shall be upon the defendant to prove this negative averment, and under section 3200 of the Revised Codes the state is not assisted in any manner. Said section merely provides that it shall not be necessary to negative any of the exemptions contained in said section, in any complaint, information or indictment. Referring to the preceding words of this section, it is made apparent that it only applies to the persons designated therein.

While it is true that it is proper to admit the testimony of a user of narcotics, the court should carefully caution the jury as to the credence to be given it. (*State* v. *White,* 10 Wash. 611, 39 Pac. 160, 161, 41 Pac. 442; *State* v. *Fong Loon,* 29 Idaho, 248, L. R. A. 1916F, 1198, 158 Pac. 233.)

The rule announced by Mr. Wigmore in his work on Evidence (2 Wigmore on Evidence, sec. 934, citing *McDowell* v. *Preston,* 26 Ga. 528, 535; *People* v. *Webster,* 139 N. Y. 73, 34 N. E. 730) is as follows: "Any diseased impairment of the testimonial powers, arising from whatever source, ought also to be considered."

*Mr. L. A. Foot,* Attorney General, and *Mr. A. H. Angstman,* Assistant Attorney General, for the State.

It was not necessary for the state to allege or prove that the morphine was not sold upon prescription of a physician, because (1) the statute so provides; (2) proof of the absence of a certificate of the physician is no part of the crime.

The courts have held under the federal Act known as the Harrison Drug Act, that for prosecutions under sections 1 and 2 of that Act it is not necessary to negative the exceptions contained therein in the information. (*United States* v. *Loewenthal,* 257 Fed. 444; *Fyke* v. *United States,* 254 Fed. 225, 165 C. C. A. 513; *Manning* v. *United States,* 275 Fed. 29; *Melanson* v. *United States,* 256 Fed. 783, 168 C. C. A. 129.)

If, for any reason, the provisions of section 3200, Revised Codes, are held not to relieve the prosecution of the burden of alleging and proving the absence of a physician's prescription, still this is unnecessary, because it is defensive matter entirely, the burden of proving which is upon the defendant. (See *People* v. *Montgomery,* 271 Ill. 580, 111 N. E. 578.)

The principle applied in the following cases is applicable to this case: *State* v. *Wood,* 53 Mont. 566, 165 Pac. 592; *State* v. *Hopkins,* 54 Mont. 52, Ann. Cas. 1918D, 956, 166 Pac. 304; *Territory* v. *Burns,* 6 Mont. 72, 9 Pac. 432; *State* v. *Williams,* 9 Mont. 179, 23 Pac. 335; *State* v. *Tully,* 31 Mont. 365, 3 Ann.

Cas. 824, 78 Pac. 760; see, also, *State* v. *Rosasco,* 103 Or. 343, 205 Pac. 290; *People* v. *Spagnoli,* 58 Cal. App. 154, 208 Pac. 185; *State* v. *O'Dell,* 187 Ind. 84, 118 N. E. 529; *Richardson* v. *State,* 77 Ark. 321, 91 S. W. 758; *Merritt* v. *United States,* 264 Fed. 870.

Counsel have cited the case of *State* v. *Fong Loon,* 29 Idaho, 248, L. R. A. 1916F, 1198, 158 Pac. 233, in support of their contention that it was error to exclude evidence designed to show the effect of the use of narcotics upon the veracity of a user and as to whether a user is susceptible to influence. But the error complained of in that case was the exclusion of evidence showing the use of the drug. In this case such evidence was introduced and the doctor also had testified concerning the effect of the drug upon the mental condition of the addict as well as the effect upon his memory. None of the authorities cited by counsel take the view that it is proper to go further with such proof than was permitted in this case. In some jurisdictions it is not permissible for the defendant to show that the state's witness is a confirmed addict. (*State* v. *King,* 88 Minn. 175, 92 N. W. 965; see, also, *State* v. *Gleim,* 17 Mont. 17, 52 Am. St. Rep. 655, 31 L. R. A. 294, 41 Pac. 998.)

HONORABLE FRANK P. LEIPER, District Judge, sitting in place of MR. JUSTICE GALEN, disqualified, delivered the opinion of the court.

Charles Finley was charged with a violation of the law relating to the sale of drugs. Trial was had resulting in his conviction, and this appeal is from the judgment and from an order denying his motion for a new trial. The appeal is based upon ten specifications of error. These may be grouped under three heads, as follows: (1) That the evidence is insufficient to sustain the judgment; (2) that the court erred in refusing to give defendant's offered instruction No. 3a; (3) that the exclusion of certain testimony was error.

1. Defendant is charged with the violation of the provisions of section 3189, Revised Codes of 1921, which provides: "It

shall be unlawful for any person to sell, barter, exchange, distribute, give away, or in any manner dispose of, at retail, or to a consumer, opium or coca leaves, or any compound, manufacture, salt, derivative, or preparation thereof, within this state, except upon the original written prescription of a duly licensed physician, duly licensed to practice medicine in Montana, and pursuant to all the requirements of this Act; provided, that nothing in this Act shall be construed as preventing a dentist or veterinary surgeon, duly licensed to practice in Montana, from obtaining, on federal government permits, for use in his practice, the drugs or narcotics mentioned in this section."

The information charges: "That at the county of Silver Bow, state of Montana, on or about the 3d day of April, A. D. 1924, and before the filing of this information, the said defendant did willfully, unlawfully, knowingly, wrongfully and intentionally sell, barter, distribute and dispose of at retail and to a consumer, to wit, to one J. G. Muller, a human being, a certain derivative, compound, manufacture and salt of opium, known as morphine, the exact amount of which said morphine is unknown to the county attorney at this time, and that said morphine was not then and there sold, bartered, distributed or disposed of upon the original written prescription of a duly licensed physician, duly licensed to practice medicine in the state of Montana, nor upon any prescription whatever."

The only point urged by counsel in this connection is that [1] the negative averments contained in the information are necessary and material; further, that it was necessary for the state to prove these negative averments, and that since the state offered no proof thereof, the evidence introduced is not sufficient to sustain the judgment. This contention cannot be sustained. Section 3189, *supra*, is taken from section 1 of Chapter 202, Session Laws of 1921. This is "An Act to regulate the production, manufacture, sale, barter, exchange, distribution, dealing in, giving away, dispensing, or the disposing

in any manner of opium or coca leaves, their salts, derivatives or preparations.'' Section 3200, Revised Codes of 1921 (which is section 12 of Chapter 202, Session Laws, *supra*), declares that it shall be ''unlawful for any person to have in his possession or under his control any of the drugs mentioned in this Act, if such possession or control is obtained in a manner contrary to the provisions of this Act; and such possession or control shall be presumptive evidence of a violation of this Act; provided, that this section shall not apply,'' *etc.* Then follow several exceptions to the provisions of the Act, and section 3200, *supra*, concludes with the following provision: ''Provided, further, that it shall not be necessary to negative any of the aforesaid exemptions in any complaint, information, or indictment, or other writ or proceeding laid or brought *under this Act,* and the burden of proof of any such exemption shall be upon the defendant.'' The negative averment contained in the information is unnecessary and therefore surplusage. It follows that proof thereof was not required. (*United States* v. *Loewenthal* (D. C.), 257 Fed. 444; *Manning* v. *United States* (C. C. A.), 275 Fed. 29; *Melanson* v. *United States,* 256 Fed. 783, 168 C. C. A. 129; *Fyke* v. *United States,* 254 Fed. 225, 165 C. C. A. 513.) While a different statute is involved, yet the same principle is enunciated in the following decisions of this court: *State* v. *Griebel,* 65 Mont. 390, 211 Pac. 331; *State* v. *Fredericks,* 65 Mont. 25, 212 Pac. 495.

After sale of morphine had been proven by the state, then, if such sale was made upon a prescription as provided by the statute, it became a matter of defense. (*People* v. *Montgomery,* 271 Ill. 580, 111 N. E. 578; *State* v. *Wood,* 53 Mont. 566, 165 Pac. 592; *State* v. *Hopkins,* 54 Mont. 52, Ann. Cas. 1918D, 956, 166 Pac. 304; *Territory* v. *Burns,* 6 Mont. 72, 9 Pac. 432; *State* v. *Tully,* 31 Mont. 365, 3 Ann. Cas. 824, 78 Pac. 760.)

2. The court refused to give defendant's requested instruc-
[2] tion No. 3a, and we think properly so. The essential elements covered by the refused instruction are contained in

defendant's offered instruction No. 2a, which was given by the court, and which is as follows: "You are instructed that in judging the credibility of a witness and the weight, if any, to be given to his testimony, you are entitled to take into consideration the fact, if you find from the evidence that it is a fact, that such person is a habitual user of drugs; and what, if any, effect such drugs have on his powers of recollection and perception and on his mental and moral sensibilities."

3. Error is predicated upon the ruling of the court in sustaining objections to certain questions propounded to plaintiff's witness Guerra on cross-examination, and also to the court's action in sustaining objections to certain questions asked defendant's witness Dr. Donohue on direct examination. The information sought to be elicited by the questions asked the witness Guerra was either foreign to the issue involved or altogether immaterial thereto.

The witness Donohue was asked the question, "State, Doctor, [3] if you know, what effect the use of the drug has upon the veracity of a user who uses five or six grains a day?" to which question objection was made and sustained. There was no offer of proof subsequent to the sustaining of the objection to the question. The question itself does not clearly indicate the answer expected to be given thereto. It follows that the evidence anticipated is not before the court, and therefore we cannot say whether or not its exclusion was error. (*State* v. *Toy,* 65 Mont. 230, 211 Pac. 303; *Herzig* v. *Sandberg,* 54 Mont. 538, 172 Pac. 132.)

The judgment and order appealed from are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY and STARK concur.

MR. JUSTICE RANKIN, deeming himself disqualified, takes no part in the foregoing decision.