STATE, RESPONDENT, *v.* MUN, APPELLANT.

(No. 5,892.)

(Submitted April 27, 1926.  Decided May 12, 1926.)

[246 Pac. 257.]

*Criminal Law—Narcotics—Unlawful Possession—Information
—Failure to Negative Exception—Sufficiency—Possession of
Drug Presumptive Evidence of Guilt—Evidence Secured
Under Federal Search-warrant Admissible in State Court.*

Narcotics—Unlawful Possession—Information—Failure to Negative Exception Contained in Act—Sufficiency.
1. Under the rule that an indictment or information need not negative an exception contained in the statute under which the prosecution is had, unless the exception is necessary to a complete definition of the offense sought to be charged, *held* that an information charging unlawful possession of opium was sufficient as against the objection that the failure of the pleader to negative the exception contained in section 3190, Revised Codes of 1921, providing that the Act should not apply to the possession of preparations and remedies which do not contain more than two grains of opium to the ounce, rendered it insufficient to charge a public offense.

Same—Evidence Held Sufficient to Justify Conviction.
2. Where the evidence showed that defendant was detected emerging from a small room at about midnight with a table-knife in his hand upon which was a considerable quantity of opium, in which room were a can of opium and numerous small paper packages of the drug and a drug scale, no other person being about the room which was lighted by a candle, it was sufficient to sustain a finding that defendant was actually in possession of all the opium mentioned and at the time of his arrest was engaged in distributing the opium in the can into small paper packages.

Same—Possession Presumptive Evidence of Guilt.
3. Under section 3200, Revised Codes, it is unlawful for any person (other than those permitted by the Act to have lawful possession of them) to have in his possession any of the drugs mentioned therein, and the possession or control of any of such drugs shall be presumptive evidence that the drug is possessed or controlled in violation of the law; hence the contention that the presumption of guilt from possession does not arise until it be first proved that the possession was obtained contrary to the provisions of the Act is without merit. (*Dictum* in *State* v. *Mark,* 69 Mont. 18, to the contrary, disapproved.)

---

1. Negation of exceptions, see notes in 139 Am. St. Rep. 929; 9 L. R. A. 853; 6 Ann. Cas. 727. See, also, 14 R. C. L. 189.
4. See 10 R. C. L. 1007.

[76 Mont. 278.]

Criminal Law—Presumptive Evidence—Definition—Circumstantial Evidence Sufficient to Sustain Conviction.

4. Presumptive evidence is indirect or circumstantial evidence, and circumstantial evidence which is sufficient to produce conviction in an unprejudiced mind, will sustain a conviction of crime.

Evidence—Degree of Proof—"Moral Certainty"—"Beyond a Reasonable Doubt"—Expressions are Synonymous.

5. That degree of proof in a criminal case which produces conviction in an unprejudiced mind is denominated "moral certainty" (sec. 10491, Rev. Codes) and "moral certainty" and the phrase "beyond a reasonable doubt" as employed in section 10672 providing that conviction can be secured only upon evidence which establishes guilt beyond a reasonable doubt, are synonymous.

Same—Evidence Procured Under Federal Seach-warrant Admissible in State Courts.

6. The fact that evidence used in a prosecution for unlawful possession of opium was procured under a search-warrant issued out of the federal court, did not prevent its use upon a trial in the state court.

---

[1] Indictments and Information, 31 **C. J.**, sec. 269, p. 720, n. 58; Poisons, 31 **Cyc.**, p. 899, n. 23.

[2] Poisons, 31 **Cyc.**, p. 899, n. 28 New.

[3] Poisons, 31 **Cyc.**, p. 899, n. 22 New, 26.

[4] Evidence, 22 **C. J.**, sec. 25, p. 83, n. 58 New.

[5] Criminal Law, 16 **C. J.**, sec. 1590, p. 779, n. 98; sec. 2403, p. 994, n. 28.

[6] Criminal Law, 16 **C. J.**, sec. 1098, p. 567, n. 98; 17 **C. J.**, sec. 3682, p. 337, n. 28.

*Appeal from District Court, Silver Bow County; J. J. Lynch, Judge.*

CHARLIE MUN was convicted of unlawfully possessing opium, and appeals from the judgment and from an order denying him a new trial. Affirmed.

Cause submitted on briefs of counsel.

*Messrs. Canning & Geagan,* and *Mr. Henry C. Levinski,* for Appellant.

*Mr. L. A. Foot,* Attorney General and *Mr. I. W. Choate,* Assistant Attorney General, for the State.

---

5. See 8 **R. C. L.** 220; 10 **R. C. L.** 1014.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

By an information filed in the district court of Silver Bow county, Charlie Mun was charged with the unlawful possession of "a certain quantity of opium, the exact amount of which said opium is to the county attorney at this time unknown." He was tried and convicted, and has appealed from the judgment and from an order denying him a new trial.

Sections 3189 to 3202, inclusive, of the Revised Codes of 1921, are, respectively, sections 1 to 12, inclusive, and sections 14 and 15 of an Act approved March 5, 1921 (Chap. 202, Laws of 1921). So far as it is involved here, Chapter 202 is an Act to regulate the production, manufacture, possession, sale, exchange, or distribution of opium or coca leaves, their salts, derivatives, or preparations, and to provide penalties for violations of the Act. Section 3190 provides: "The provisions of this Act shall not be construed to apply to * * * the possession, within this state, of preparations and remedies which do not contain more than two grains of opium * * * in one fluid ounce; or, if a solid or semisolid preparation, in one avoirdupois ounce."

It is contended by the defendant that the information does [1] not state facts sufficient to charge a public offense, in that it is not alleged that the substance possessed by the defendant contained more than two grains of opium to the ounce. If defendant were charged with the unlawful possession of some of the preparations or remedies mentioned in section 3190, then the contention now advanced would be meritorious, but that is not this case. He is charged specifically with the unlawful possession of opium, and it the rule in this jurisdiction, and elsewhere generally, that an indictment or information need not negative an exception contained in the statute unless such exception is necessary to a complete definition of the offense sought to be charged. (*Territory* v. *Burns,* 6 Mont. 72; 9 Pac. 432; *State* v. *Tulley,* 31 Mont. 365, 3 Ann. Cas. 824, 78 Pac. 760;

*State* v. *Wood,* 53 Mont. 566, 165 Pac. 592; *State* v. *Big Sheep,* 75 Mont. 219, 243 Pac. 1067.) A reference to the provisions of section 3190 is not necessary to the definition of the offense of unlawfully possessing opium, and therefore it was not necessary for the pleader to negative the exception, if such it can be called.

The evidence introduced by the state discloses that the defendant was detected by the state's witnesses emerging from [2] a small room on the second floor of a building (207 South Main Alley) in the city of Butte, between midnight and 1 A. M.; that defendant then had in his hand a table knife on the blade of which was a considerable quantity of opium; that defendant also had opium on his hands; that in the small room were a can of opium, eleven or twelve small paper packages of opium, and a drug scale; and that defendant was the only person about the room, which was lighted by a candle. No one could contend seriously that this evidence is not ample to sustain a finding that defendant was actually in possession of all of the opium mentioned, and at the time of his arrest was engaged in distributing the opium in the can into small paper packages.

But defendant contends that proof of possession under the circumstances mentioned is not sufficient to sustain a conviction. [3] Section 3200, Revised Codes, provides, among other things: "That it shall be unlawful for any person to have in his possession or under his control any of the drugs mentioned in this Act, if such possession or control is obtained in a manner contrary to the provisions of this Act; and such possession or control shall be presumptive evidence of a violation of this Act." The section then enumerates the persons who may lawfully possess the prescribed drugs, as follows: (1) An agent or employee of a druggist while in the discharge of the duties of his agency or employment; (2) a nurse, when the drug is to be used for medicinal purposes for another person and under the supervision of a licensed physician; (3) a dentist or veterinary surgeon in the legitimate practice of his profession;

(4) a public officer in the discharge of his official duties; (5) a warehouseman or a common carrier who holds the possession for a person lawfully entitled to it; (6) a registered wholesale or retail druggist.

Inferentially, section 3192 permits a physician, duly licensed to practice in this state, to have legal possession of any of the proscribed drugs; and by section 3189 any other person may obtain legal possession of any of such drugs upon the original written prescription of a physician duly licensed to practice in this state, but not otherwise.

In their brief, counsel for defendant contend that under the provisions of section 3200 the presumption of guilt from possession of the drug does not arise until it is first proved that the possession was obtained contrary to the provisions of the Act, and by way of *dictum* this court, in *State* v. *Mark,* 69 Mont. 18, 25, 220 Pac. 94, 96, gave countenance to that theory, and said: "Proof that the prohibited drugs were found in the defendant's possession, by the statute is not made presumptive of any evidence of guilt." Upon further consideration, we are now of the opinion that such a construction of the language of the section is impossible. It would mean that the state must first prove that the possession was obtained in violation of the law and is unlawful, and then a presumption of guilt would arise; but, when the state has proved that the possession is unlawful it has proved its case, and there is not room for any presumption.

Crudely as it is drawn, section 3200 was intended, we think, to declare the rule that it shall be unlawful for any person (except the persons permitted by the Act to have lawful possession of the proscribed drugs) to have in his possession or under his control any of the drugs mentioned in the Act, and the possession or control of any of such drugs shall be presumptive evidence that the drug is possessed or controlled in violation of the law.

Presumptive evidence is indirect or circumstantial evidence [4, 5] (1 Wigmore on Evidence, 2d ed., sec. 25; 1 Bouvier's Law Dictionary, p. 1092), and circumstantial evidence, which

is sufficient to produce conviction in an unprejudiced mind, will sustain a conviction in a criminal case. (*State* v. *Powers,* 39 Mont. 259, 102 Pac. 583.) The law does not make any distinction between the different degrees of evidence. It declares that a conviction can be secured only upon evidence which establishes guilt beyond a reasonable doubt (sec. 10672, Rev. Codes), and the jury was so instructed in this case. That degree of proof which produces conviction in an unprejudiced mind is denominated "moral certainty" (sec. 10491, Rev. Codes), and "moral certainty" and "beyond a reasonable doubt" are synonymous phrases. (*State* v. *Cassill,* 71 Mont. 274, 229 Pac. 716).

Under the construction which we have given to the Act, the evidence is sufficient to sustain the verdict, and the *dictum* to the contrary in *State* v. *Mark,* above, is disapproved.

Upon the trial of this case, counsel for defendant elicited by [6] the cross-examination of one of the state's witnesses that the evidence—the knife, can, packages of opium, and drug scale—was obtained under a search-warrant issued out of the federal court at Butte, and sought to show that the witness had made a return to the federal court of the proceedings had under the search-warrant. An objection to a question concerning the return made was sustained, and defendant complains that the cross-examination was restricted unduly.

The fact that the evidence was procured under a search-warrant issued out of the federal court did not prevent its use upon the trial in the state court, and furthermore the record discloses that counsel for defendant were permitted to pursue the cross-examination to a liberal extent, and in fact elicited the very information which had been sought by the question to which the objection had been sustained.

We do not find any error in the record, and accordingly the judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, STARK and MATTHEWS, concur.