FITZPATRICK, APPELLANT, *v.* STEVENSON ET AL., RE-SPONDENTS.

(No. 7,651.)

(Submitted March 23, 1937. Decided April 19, 1937.)

[67 Pac. (2d) 310.]

440

Messrs. *Clarence Hanley, William B. Frame, Frank E. Blair* and *M. J. Doepker,* for Appellant, submitted a brief; *Mr. Doepker* argued the cause orally.

*Mr. John Collins,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This action came on for trial before the court sitting with a jury, and, after some evidence had been introduced, defendants objected to the introduction of further evidence on the ground that the supplemental complaint was insufficient. The court sustained the objection and dismissed the jury. Plaintiff was given ten days within which to amend his complaint; he elected to stand upon the complaint, and judgment was entered dismissing the action. Hence the only question involved is the sufficiency of the supplemental complaint.

The supplemental complaint alleges, in substance, that on and prior to the 7th day of January, 1931, the Security State Bank of Dillon was a banking corporation and that defendants named, on January 7, were its directors; that on January 7 the bank dissolved its charter by filing a certified copy of a certificate of dissolution in the office of the Secretary of State; that on August 4, 1924, plaintiff and the bank entered into an agreement by the terms of which the plaintiff was given an option to purchase from the bank certain described land at any time prior to January 1, 1925, at the price of $3,000 with interest; that plaintiff paid the sum of $250 for the option which was agreed to be applied as part of the purchase price in the event he exercised the option; that thereafter he at various

times paid additional sums aggregating $1,750 for the purpose of extending the time within which he might exercise the option, with the understanding that these payments should be applied as payments on the purchase price if the option were exercised; that the last extension agreement extended the time to November 29, 1927; that on February 16, 1927, the bank desired to lease the property, along with other property, to George W. Murray and requested plaintiff to join in making such lease; that a lease was thereupon executed on March 23, 1927, and it was alleged that, in consideration of making the lease, the bank agreed with plaintiff that the time within which he might exercise the option to purchase the property would be extended for a period of five years more, and that, in the event a sale of the property would be made by the bank, plaintiff would be protected to the extent of the payments which he had made, with interest at 8 per cent. per annum; that plaintiff accepted the proposal of the bank and joined with it in executing the lease; that plaintiff performed every act and thing agreed by him to be done; that Murray entered into possession of the property and remained in possession until March 25, 1929, when the bank, contrary to its agreement with plaintiff, sold and deeded the property to Stella Murray, the wife of George W. Murray, and that the bank repudiated its contract with plaintiff to sell the land to him, thereby depriving him of the payments which he had made on the land, in the total sum of $2,000, with interest at 8 per cent. from the dates of the several payments; that the original complaint was filed on May 10, 1930, against the bank, and that summons was served upon the bank by delivering it to T. J. Mulaney, a director and liquidating agent; that the bank appeared in the action by demurrer on the 24th day of January, 1931; that the demurrer was sustained and plaintiff filed an amended complaint on December 15, 1931; that on December 17 the bank filed an answer; that the action having been brought in Madison county, it was by stipulation of the parties transferred to Beaverhead county; that in November, 1933, it came on for trial and a jury was

drawn; that while the cause was in progress of trial the court's attention was called to the fact that a statement, in pursuance of sections 9929 to 9931, Revised Codes, had been filed by a majority of the board of directors dissolving the bank; that thereupon the setting of the cause was vacated and the jury dismissed; that at the time the action was instituted, and ever since until its dissolution, the bank held in trust for the plaintiff the sum of $2,000 with which to pay the damage and detriment suffered by him for the violation of the contract between him and the bank, as well as a sum sufficient to pay the interest at the rate of 8 per cent. per annum; that the defendants named are the trustees of the dissolved bank; that after the commencement of this action, and for a long period thereafter, the bank had assets sufficient to have paid plaintiff's claim; and that at some time prior to January 5, 1931, the corporation, intending to defeat and defraud plaintiff out of the payments made, willfully, unlawfully, and fraudulently distributed its assets to creditors during and while they knew that this action was pending, and that the distribution of the assets was made in fraud of plaintiff and with the intent to defeat him of his just claim against the bank. It prays for judgment in the sum of $2,000, together with interest at 8 per cent. per annum from the dates of the several payments.

Defendants contend that the supplemental complaint is insufficient to state a cause of action, first, because it does not allege whether any other persons were appointed by the court as trustees of the dissolved bank.

Section 6011, Revised Codes, contains this provision: "unless other persons are appointed by the court, the directors of any corporation, at the time of its dissolution, are trustees of the creditors and stockholders or members of such corporation, and have full power to settle and liquidate its affairs."

It is the contention of defendants that before plaintiff can maintain an action against the directors of the dissolved bank, he must allege in his complaint that other persons were not appointed by the court to act as trustees. It has often

been held by this court that, in a criminal case, it is not necessary for the state in its information to negative an exception contained in the statute, but that such exception is matter to be asserted in defense. (*State* v. *Wood,* 53 Mont. 566, 165 Pac. 592; *State* v. *Hopkins,* 54 Mont. 52, 166 Pac. 304, Ann. Cas. 1918D, 956; *State* v. *Finley,* 72 Mont. 42, 231 Pac. 390; *State* v. *Mun,* 76 Mont. 278, 246 Pac. 257.) This court has likewise applied the same rule in civil cases. (*Commonwealth Public Service Co.* v. *City of Deer Lodge,* 96 Mont. 15, 28 Pac. (2d) 472; *State ex rel. Blenkner* v. *Stillwater County,* ante, p. 387, 66 Pac. (2d) 788.) We think that rule has application here. Moreover, since the dissolution was under subdivision 4 of section 6010, and at a time when the corporation had no assets, there would seem to be little, if any, reason for any appointment by the court. It is extremely doubtful whether the phrase "unless other persons are appointed by the court" has any application to a case such as this, where the dissolution was accomplished by the voluntary act of the corporation, and not by judicial proceedings. (Compare *Lakeside Irr. Co.* v. *Buffington,* (Tex. Civ. App.) 168 S. W. 21.) At any rate, before the statutory trustees will be supplanted by a receiver appointed by the court, there must be cause for so doing asserted by court action. (*Ferrell* v. *Evans,* 25 Mont. 444, 65 Pac. 714; *Mieyr* v. *Federal Surety Co.,* 97 Mont. 503, 34 Pac. (2d) 982.) If, in fact, other persons were appointed by the court to liquidate the affairs of the dissolved bank, that was matter to be asserted by the defendants in defense.

It is next contended by defendants that because the complaint shows that prior to January 5, 1931, the corporation had distributed its assets, and since there were no further assets to be administered by the trustees, this action cannot be maintained. They contend that, since the corporation has no prop· erty, there is not and cannot be a trust to be administered by the directors. It is a general rule that there cannot be a trust without there being in existence trust property. (26 R. C. L. 1183.) However, section 6011 makes the directors of a dis-

solved corporation the trustees "to settle and liquidate its affairs," regardless of whether the corporation has any assets. Section 6010 in part provides: "A corporation is dissolved: * * * 4. A corporation which has ceased to transact business and which has no assets may likewise be dissolved by the directors in the manner provided by sections 9929 to 9932 of the Code of Civil Procedure." Section 9929 provides, in substance, that any domestic corporation which has ceased to transact business, and which has no assets, may be dissolved by complying with the provisions following. Section 9930 provides for the filing of a statement by a majority of the directors, setting forth: "1. That said corporation has ceased to transact business; 2. That said corporation has no assets; 3. That said corporation has no intention of ever again resuming operations. A copy of said statement, certified by the clerk of said district court, shall be filed in the office of the secretary of state." Section 9931 provides: "Upon the filing of such certified copy of such statement in the office of the secretary of state, such corporation shall thereupon become dissolved, and thereafter the directors shall be relieved from any further liability in connection with such corporation." Section 9932 makes the Act applicable to foreign corporations whose principal property and operations were in Montana. Section 6011 contains the provisions above quoted. Hence it is plain that even as to corporations having no assets the statutes make the directors the trustees with full power to settle and liquidate their affairs.

While the statute denominates the directors as "trustees," they are in fact but the successors in interest of the corporation, with power to sue on behalf of, and to be sued for the debts of, the corporation. (*Gilna* v. *Barker*, 78 Mont. 357, 254 Pac. 174, 178.)

This action does not seek to fasten personal liability upon the trustees. (Compare *Kansas Wheat Growers Assn.* v. *Markley*, 132 Kan. 156, 294 Pac. 885.) It simply seeks to establish the liability of the bank. Section 6013 specifically provides: "The legislative assembly may at any time amend or

repeal this part, or any chapter, or section thereof, and dissolve all corporations created thereunder; but such amendment or repeal does not, nor does the dissolution of any such corporation, take away or impair any remedy given against any such corporation, its stockholders or officers, for any liability which has been previously incurred." The dissolution, therefore, did not deprive plaintiff of his right to establish his claim against the bank. (Compare *Dick* v. *Petersen,* 90 Colo. 83, 6 Pac. (2d) 923; *Lusk Lumber Co.* v. *Independent Producers' Consol.,* 43 Wyo. 191, 299 Pac. 1044.) "The fact that the defendants had no property or assets did not deprive the court of jurisdiction of the subject-matter." (*Gilna* v. *Barker,* supra.) Plaintiff here should not be deprived of the right to institute the instant case, "reduce his claim to judgment, and take the chance of realizing on it." (Id.)

It appears from exhibits attached to the complaint that the ▪ bank for many years prior to its dissolution was in the process of liquidation. Presumably it was liquidating voluntarily under Chapter 90, Laws 1923, then in force. It could not so liquidate as to prefer one creditor to another. If this was done and assets were distributed to others in preference to plaintiff, he would not be without a remedy. (Compare *Bristow Cotton Oil Co.* v. *Hubbell, Slack & Co.,* 97 Okl. 291, 223 Pac. 855, and *Andrew* v. *Vanderbilt,* 37 Hun (N. Y.), 468.) He has the right in this action to establish his claim against the bank. The complaint is not insufficient because it shows affirmatively that the corporation has no assets.

Defendants next contend that the complaint does not state ▪ facts sufficient to show a liability on the part of the bank. It is contended that since plaintiff consented to the lease and sale of the property, he has no cause of action against the bank. The complaint, however, alleges that plaintiff consented to a sale only on condition that he "would be protected to the extent of the said payments with interest which he had made on the contract to purchase." Defendants contend that it cannot be ascertained from the complaint as to how plaintiff was to be

protected. It is sufficiently plain from the allegations of the complaint that plaintiff was to be protected by being paid back the $2,000 which he had paid, together with interest in the event that a sale of the property should be made to someone else. This is reasonably to be inferred from the allegations made, and that is the standard by which the sufficiency of the complainh is to be tested. (*Freeman* v. *Withers,* ante, p. 166, 65 Pac. (2d) 601.)

The court erred in sustaining the objection to the introduction of testimony and in dismissing the action. The judgment is reversed, and the cause remanded to the district court for trial on the merits.

MR. CHIEF JUSTICE SANDS, and ASSOCIATE JUSTICES STEWART, ANDERSON and MORRIS concur.