The STATE OF MONTANA, Plaintiff and Respondent, *v.*
GERALD F. DAVIS, Defendant and Appellant.
No. 10434
Submitted October 8, 1962. Decided November 29, 1962.
Rehearing denied December 17, 1962.
376 P.2d 727

Gene Brown (argued orally), Bozeman, for appellant.

Forrest H. Anderson, Atty. Gen., Helena, Robert M. Holter, County Atty., Bozeman, Donald Garrity, Deputy Atty. Gen. (argued orally), Helena, Douglas R. Drysdale, Ex County Atty. (argued orally), Bozeman, for respondent.

HONORABLE GUY C. DERRY, District Judge, sitting in place of MR. JUSTICE DOYLE, delivered the Opinion of the Court.

198

The defendant, Gerald F. Davis, was charged by an information with the crime of having committed a lewd and lascivious act upon a child, a felony. The amended information, made before the entry of plea, likewise charged the defendant with a prior conviction. At the close of the evidence, on motion of the county attorney, the amended information was again amended to meet the proof. The jury having returned a verdict of guilty, the trial judge sentenced the defendant to serve a term in the state prison at Deer Lodge.

Error is predicated upon the action of the trial court in permitting an amendment to the information subsequent to the entry of plea, and after testimony had been received. The court's minutes show this statement:

"State's motion to amend the amended information was made viva voce, resisted by counsel for the defendant, fully argued, submitted to the court and by the court, granted. Amendment to the amended information was made by interlineation." This amendment reads as follows:

"Said defendant being then and there of 34 years of age." The sole specification of error is that the court erred in granting the State's motion to amend the amended information as above set forth.

The position taken by the appellant is that the quoted statement included in the amendment is an essential allegation in the information, is a matter of substance, and that under section 94-6207, R.C.M.1947, the information may not be amended after the entry of plea except in a matter of form. This court has held that an information may not be amended in a matter of substance after the entry of plea. (State v. Kuntz, 130 Mont. 126, 295 P.2d 707; State v. Fisher, 79 Mont. 46, 254 P. 872).

In view of the statute and the interpretation of same by this court, two questions are presented by the assignment of error: First, is the allegation that the defendant is over the age of 18 years an essential part of the information, and, Sec-

ond, if a necessary element of the information, is it a matter of substance rather than a matter of form?

The applicable statute relating to the crime charged is section 94-4106, R.C.M. 1947, as amended by Ch. 57, Laws of 1959, and reads as follows:

"Any person over the age of eighteen (18) years, who shall wilfully and lewdly commit any lewd and lascivious act, other than the acts constituting other crimes provided in sections 94-4101 to 94-4108, upon or with the body or any part or member thereof, of a child under the age of sixteen (16) years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person, or of such child, shall be guilty of a felony and shall be imprisoned in the state prison not exceeding twenty-five (25) years."

A reading of the statute makes it obvious that the age of the defendant has no connection with the crime charged. It is merely a limitation on who may be charged with the crime. It is impossible to draw a rational conclusion that the age of the defendant is material to the crime created by the applicable statute, or to find it has any bearing upon the crime charged. It does not in anywise advise the defendant of the nature of the crime charged, or advise him of what he must defend against. He is not charged with being over 18 years of age. The statute simply creates an exemption for a person under the age of 18 years.

Appellant cites the case of State v. Kocher, 112 Mont. 511, 515, 119 P.2d 35, 37, wherein this court stated that an analysis of this statute, which is the basis for the charge here, shows that the elements of the crime described, are as follows:

"* * * First, the offender must be over the age of eighteen years; second, a lewd or lascivious act must be committed upon or with the body * * * of a child under the age of sixteen years * * *."

In the Kocher case, the information did charge that the defendant was over the age of 18 years. The age of the defend-

ant was not an issue in that case. There the question was whether the particular acts proved were sufficient to constitute the crime by establishing that a lewd and lascivious act had been committed upon the body of a child under the age of 16 years. It is true that in the Kocher case, the contention was made that there was no proof that the defendant was over the age of 18 years, as required by statute. The court did not decide that it was incumbent upon the State to prove that the defendant was over the age of 18 years, but rather decided that the proof made by the State on this point was sufficient. The question of whether the burden was upon the State to prove the age of the defendant as part of the State's case was never submitted to the court. In that case, this court took the record as it found it and decided it upon the basis of the arguments submitted.

Apparently, this case offers the first opportunity for this court to determine whether the allegation that the defendant is over the age of 18 years is an essential part of the information.

To answer that question, it is only necessary to determine whether the information is sufficient to charge a crime without the allegation that he is over the age of 18 years. This court has held that the information is sufficient if the defendant is fully advised of the nature of the crime charged against him, in such manner as to enable him to prepare to meet that charge, and his substantial rights were not affected by a failure to allege any fact which would advise him of the nature of the charge, and to enable him to defend against the same. (State v. Board, 135 Mont. 139, 337 P.2d 924.)

Section 94-6413, R.C.M.1947, reads as follows:

"No indictment or information is insufficient, nor can the trial, judgment, or other proceedings thereon be affected by reason of any defect or imperfection in matter of form which does not tend to the prejudice of a substantial right of the defendant upon its merits."

Again, Section 94-8207, R.C.M.1947, has application:

"After hearing the appeal, the court must give judgment without regard to technical errors or defects, or to exceptions, which do not affect the substantial rights of the parties."

In view of the statute, and the previous decisions of this court, we hold that the allegation of the defendant's age, as found in the information, is surplusage and not a matter of substance necessary to make a valid information within the requirements of section 94-6403. The information is sufficient to fairly apprise the defendant of the offense charged against him, and to give him all of the information necessary for him to adequately prepare his defense to the charge. The portion of the statute giving an exemption to prosecution to a person under the age of 18 years is a matter of defense, and is not a necessary part of the information. We think this has been well established by decisions of this court, and is the general rule.

Thus in the case of Fitzpatrick v. Stevenson, 104 Mont. 439, 443, 67 P.2d 310, 312, this pertinent observation was made by the court:

"* * * It has often been held by this court, that, in a criminal case, it is not necessary for the state in its information to negative an exception contained in the statute, but that such exception is a matter to be asserted in defense."

In one case, State v. Sullivan, 68 Vt. 540, 543, 35 A. 479, 480, an information charging statutory rape was attacked for failure to aver that the defendant was over 16 years of age. The statute defining the offense applied only to persons over 16. The Vermont Court in disposing of this contention made this statement:

"* * * It was not necessary to allege his age. If he was under sixteen, it was a matter of defense. * * * Not being necessary to allege it, it was not necessary to prove it."

Other decisions by this court have held to the same effect. State v. Mun, 76 Mont. 278, 246 P. 257 (1926); State v. Fin-

202

ley, 72 Mont. 42, 231 P. 390 (1924); State v. Fredericks, 65 Mont. 25, 212 P. 495 (1922); State v. Griebel, 65 Mont. 390, 211 P. 331 (1922); State v. Hopkins, 54 Mont. 52, 166 P. 304 (1917); State v. Wood, 53 Mont. 566, 165 P. 592 (1917).

The fact that amendment was in fact made does not affect the sufficiency of the Information, if same was sufficient before the addition was made.

In the case of State v. Winter, 129 Mont. 207, 285 P.2d 149, this court held that an amendment to an information, while made by the court, did not prejudice the defendant because the information was sufficient both before and after its amendment, and that the words added to the information by way of amendment were merely surplusage. In principle, the case is much akin to the instant case.

In the case of State v. Gaffney, 106 Mont. 310, 77 P.2d 398, the defendant was charged with arson, and the information was amended before trial but after plea. In that case, the trial court took the position that the amendment was one of substance requiring re-arraignment. This court held that in any event, the original information was sufficient without the amendment.

In the case of State v. Mun, 76 Mont. 278, 280, 246 P. 257, the defendant contended that the information charging him with violation of the drug act was insufficient, in that it was not alleged that the substance possessed by the defendant contained more than two grains of opium to the ounce, a provision that is contained in the applicable statute. In passing upon this contention, the court stated:

"* * * He is charged specifically with the unlawful possession of opium, and it is the rule in this jurisdiction, and elsewhere generally, that an indictment or information need not negative an exception contained in the statute unless such exception is necessary to complete definition of the offense sought to be charged. [Citing cases.] A reference to the provisions of section 3190 [Rev. Codes 1921, Repealed by Chap-

ter 176, Laws of 1937.] is not necessary to the definition of the offense of unlawfully possessing opium, and therefore it was not necessary for the pleader to negative the exception, if such it can be called.''

In the case of State v. Big Sheep, 75 Mont. 219, 225, 243 P. 1067, 1068, objection was made to the jurisdiction of the trial court on the ground that the defendant, at the time and place mentioned in the complaint, was an Indian, a member of the Crow Tribe, and that the acts alleged to constitute the offense were done upon land within the Crow Indian Reservation, the title to which remained in the United States. In its opinion, this Court had this to say:

''Want of jurisdiction in the court, if want there was, did not appear upon the face of the complaint. The justice's court had jurisdiction of the misdemeanor charged, if committed within Big Horn County, unless upon land within the exclusive jurisdiction of the United States. It was not necessary to negative the exception, as it was not a constituent part of the offense; that was a matter to be taken advantage of at the trial. [Citing cases.]''

Finding no error in the record, it is ordered that the judgment of conviction be affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES ADAIR, CASTLES and JOHN C. HARRISON concur.