## PETITION OF GERALD F. DAVIS
No. 10579
Submitted March 25, 1963. Decided April 11, 1963.
Rehearing denied April 25, 1963.
380 P.2d 880.

PER CURIAM.

This is an application for a writ of habeas corpus, filed pro se by Gerald F. Davis, an inmate of the Montana State Prison.

The applicant, Gerald F. Davis, is one of a group of inmates who are rapidly becoming known to appellate courts as the Griffith v. Illinois type inmates. They are in constant communication with the various appellate courts of the states and the United States. The records of this court show that this applicant has filed the following:

Petition requesting this court to direct the district court to furnish a transcript of the evidence at state expense. This petition was denied April 4, 1961, because no application or showing had been made in the district court which had jurisdiction before the application here. See State v. Davis, 139 Mont. 616, 362 P.2d 1013.

Petition for writ of certiorari to review matters occurring upon his trial was denied on May 15, 1961, because there was no showing that the district court had exceeded its jurisdiction, and it appeared that adequate provisions existed for appeal which constituted a plain, speedy and adequate remedy to have reviewed the proceedings upon the trial. (Not reported) 18 State Rep. 124.

Then came a petition seeking a writ of mandate to compel the district court to proceed to determine the merits of a motion for new trial which was also denied on June 1, 1961, because the statutory procedure required for motions for new trial were not followed. Petition of Gerald F. Davis, 139 Mont. 619, 361 P.2d 963.

A petition for rehearing was then filed, coupled with a petition for writ of mandate, and they were both denied as being without merit on June 12, 1961.

An application for writ of habeas corpus which after consideration by this court was denied on August 18, 1961. Petition of Gerald F. Davis, 139 Mont. 622, 365 P.2d 948.

On August 31, 1961, a petition for rehearing was considered and denied.

On February 19, 1962, a petition for writ of error coram nobis was denied for the reasons set forth in the opinion of this court. See Petition of Gerald F. Davis, 140 Mont. 155, 369 P.2d 415.

On March 29, 1962, a petition for writ of mandate was denied for the reasons set forth in our order. See Petition of Gerald F. Davis, 140 Mont. 613, 380 P.2d 880.

On June 6, 1962, application for writ of supervisory control was denied for the reasons set forth in our order. See Petition of Gerald F. Davis, 140 Mont. 617, 374 P.2d 115.

Also on June 6, 1962, Petition of Gerald F. Davis, 140 Mont. 617, 374 P.2d 115, an application for a certificate of probable cause was denied for the reason that it was filed by petitioner pro se and he was at the time represented by counsel and in such event petitions should be made and presented by counsel. See our order, Petition of Gerald F. Davis, 140 Mont. 618, 374 P.2d 114.

On October 8th, 1962, the appeal from his conviction was lodged in this court and following oral argument a decision was handed down on November 29, 1962, affirming the conviction. See 141 Mont. 197, 376 P.2d 727.

On December 17, 1962, this court denied a petition for rehearing, State v. Davis.

The present application for a writ of habeas corpus was filed on March 25, 1963.

In addition to proceedings before our court, it appears petitioner has been before the United States District Court of Montana on at least three occasions; he has been before the United States Court of Appeals, 9th Circuit, appealing from one of the rulings of the United States District Court, and he has also sought a writ of certiorari from the Supreme Court of the United States, Davis v. U. S., 368 U.S. 904, 82 S.Ct. 184, 7 L.Ed.2d 99. So far as our records indicate he has been denied the relief requested by him in these Federal courts in each instance.

One matter should be mentioned before we proceed, and that is, that immediately following his conviction this petitioner discharged his court-appointed counsel and elected to appear as his own attorney. Some months later he did request counsel to prepare and present his appeal to this court and the district court promptly made such an appointment and a new and different counsel represented him on his appeal.

The applicant sets forth some ten questions or contentions that he requests this court to pass upon which, inter alia, are:

(1) That he has been deprived of his constitutional right to have knowledge of the offense charged as prescribed by statute;

(2) The amendment of the information in matters of alleged substance after plea;

(3) Whether such amendment can lawfully be done; -

(4) The amending of the information allowing the charging of a prior conviction of a like offense the day before the opening of the trial;

(5) Whether the petitioner had reasonable, fair and due notice of what acts he was charged with?

(6) Did such action by the trial court in allowing the amendment tend to be prejudicial toward the petitioner?

(7) Can an information be amended to charge a prior conviction of a like offense while the petitioner was serving on parole?

(8) Has the trial court and the Supreme Court acted in accordance with the Constitution in the handling of this case?

(9) Did the trial court's action in providing allegedly ineffective counsel violate the petitioner's rights? and

(10) Did the petitioner have a fair trial?

Concerning matters numbered 1 and 5, this court in the caseof State v. Fairburn, 135 Mont. 449, 340 P.2d 157, specifically set forth the test of a valid information in the following language:

"* * * Will the accused and the court be apprised of the charge? Will the accused be surprised by the evidence? Will a conviction bar another prosecution? This is the intendment of the Montana code rules of criminal pleading, R.C.M. 1947, Title 94, Chapter 64, and of the following statutes as particularly applicable to the information attacked in this appeal: Sections 94-6404, 94-6403, subd. (2), 94-6412, subds. (6) and (7), 94-6413, and 94-6429."

■ Approaching the information here with a common understanding, can the appellant contend that he does not know what is charged by the information? The answer is no. The information tells him what to expect, it imports notice and affords the opportunity to defend, the rest is up to him.

In answer to matters numbered 2, 3, 4, 6, and 7, concerning the amendment of the information as set forth in the applicant's petition, this court previously held on applicant's appeal, reported in State v. Davis, 141 Mont. 197, 376 P.2d 727, that the information was sufficient, and that the amendment of the information did not affect the sufficiency of the information which was sufficient before amendment. Repetition of these questions by the applicant and the answers by this court should not be hereafter necessary.

As to the question posed in 8, this court found no error in the trial court upon petitioner's appeal, and this being the 14th time that we have considered his contentions in this court we have surely given careful consideration to all matters he has suggested, contended or alleged. We feel this speaks for itself.

■ We find his allegation in 9, that he was not properly defended, entirely without merit. Quoting from Tomich v. State of Montana, a recently released opinion of this court, appearing in 141 Mont. 373, 379 P.2d 114, this court, in quoting from State v. Wolak, 26 N.J. 464, 140 A.2d 385, said:

"'* * * We deplore the tendency—which appears entirely too often in the claims of prisoners after conviction—to criticize members of the Bar who have labored earnestly and well in their behalf and in most cases without compensation.'"

Counsel in this matter was a well-qualified young attorney who gave his client the best of his services, and we should note here that the people of Gallatin County a few years after this trial elected him their legal advisor in the capacity of County Attorney.

Concerning the allegation in 10 that the applicant did not have a fair trial this court previously has reviewed his contentions many times though we have not commented at any length concerning the trial. However, inasmuch as the applicant continues to make this allegation, for the record, it is pointed out that he was tried in the court of District Judge W. W. Lessley, who is known throughout this state for his fairness to defendants in the trial of criminal matters.

While not alleged, it would appear that the applicant's main contention is that he got 25 years instead of five years. The record shows that the applicant had previously been in a State Prison serving time for a similar crime, that of lewd and lascivious act toward a child, and at the time that he was committed to the State Prison on the previous occasion the maximum sentence provided by statute was five years. However, in 1959, the Legislature changed the penalty from a maximum of five years to a maximum of twenty-five years. The applicant was out on parole from the State Prison when arrested and charged with the present crime. It is apparent here that the applicant fails to consider the type of crime with which he was charged and convicted in considering the sentence he received. In view of the fact that a prior charge had been proven for the same crime, most certainly the district judge did not abuse his discretion in giving the applicant the maximum sentence of twenty-five years.

The district judge is charged not only with the protection of individual rights, but also with the protection of the public from those offenders who have no concern for the rights of anyone.

We are satisfied from examining the many records in this case that no cause exists for granting this application. Therefore it is denied.