COMMONWEALTH PUBLIC SERVICE COMPANY OF MONTANA, APPELLANT, *v.* CITY OF DEER LODGE ET AL., RESPONDENTS.

(No. 7,150.)

(Submitted December 8, 1933. Decided January 8, 1934.)

[28 Pac. (2d) 472.]

*Mr. K. W. MacPherson* and *Messrs. Gunn, Rasch, Hall & Gunn,* for Appellant, submitted a brief; *Mr. M. S. Gunn* argued the cause orally.

*Mr. S. P. Wilson,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Plaintiff, a taxpayer of the city of Deer Lodge, brought this action to enjoin the city, its mayor and council, from allowing accounts and demands against the city and from issuing warrants in payment therefor, and to enjoin the city treasurer from paying such warrants. Upon the filing of the complaint, an order to show cause was issued. Defendants filed a de-

murrer to the complaint containing both general and special grounds, and a motion to quash the order to show cause. The court sustained the demurrer and motion to quash and entered judgment of dismissal. The appeal is from the judgment and presents the question of the sufficiency of the complaint.

In the complaint it is alleged that the city is indebted in a sum in excess of three per centum of the value of the taxable property as ascertained by the assessment for the year 1932, and has been so indebted for more than three years last past, as shown by the assessments for 1929, 1930, 1931 and 1932; that, while thus indebted, the council "allowed and ordered paid accounts and demands against said city for materials and supplies furnished to and services and labor performed for said city, aggregating many thousands of dollars, and the said defendant G. J. Marquette, as mayor of said city, with full knowledge that said accounts and demands so allowed and ordered paid constituted an indebtedness against the said city in excess of said three per cent limit, has thereupon drawn warrants upon the treasurer of said city in favor of the owners of said accounts and demands, which have been paid by the treasurer of said city." It is further alleged that the members of the city council "threaten to and will continue to allow and order paid said accounts and demands against said city * * * constituting an indebtedness against said city, * * * and said Marquette as mayor threatens to and will draw warrants upon the city treasurer in favor of the owners of said accounts and demands, and said city treasurer threatens to and will pay said warrants unless enjoined and restrained from so doing."

The prayer of the complaint is for an injunction to prevent further misapplication of the funds of the city in payment of such demands and for an accounting by the members of the city council and the mayor of the moneys so misapplied by them and for judgment in favor of the city for the amount thereof.

The constitutional provision limiting the indebtedness of a city is found in section 6, Article XIII, which reads: "No

city, town, township or school district shall be allowed to become indebted in any manner or for any purpose to an amount, including existing indebtedness, in the aggregate exceeding three (3) per centum of the value of the taxable property therein, to be ascertained by the last assessment for state and county taxes previous to the incurring of such indebtedness, and all bonds or obligations in excess of such amount given by or on behalf of such city, town, township or school district shall be void; provided, however, that the legislative assembly may extend the limit mentioned in this section, by authorizing municipal corporations to submit the question to a vote of the taxpayers affected thereby, when such increase is necessary to construct a sewerage system or to procure a supply of water for such municipality which shall own and control said water supply and devote the revenues derived therefrom to the payment of the debt.''

It is plain that under this section of the Constitution any ██ indebtedness in excess of the limit there prescribed is void. This court has so held. (*State ex rel. Helena Water Works Co.* v. *City of Helena,* 24 Mont. 521, 63 Pac. 99, 81 Am. St. Rep. 453, 55 L. R. A. 338.) The court in that case pointed out that a city which had reached its limit of indebtedness might still function upon the cash or pay-as-you-go plan. The city of Helena undertook to do so under the laws then existing which required all claims and demands against the city to be audited. (Secs. 4811, 4812, Pol. Code 1895.) The court in *Helena Water Works Co.* v. *City of Helena,* 27 Mont. 205, 70 Pac. 513, 515, held that this could not be done under the existing laws, because, in auditing the claims and demands and ordering them paid, the city of necessity must find and establish an indebtedness, and, the city being already in excess of its constitutional limit, the demands thus audited would be void. The court in that case again pointed out what would be necessary to operate on the pay-as-you-go basis, and in effect held that it must be done in such a way as not to create further indebtedness on the part of the city. It said: ''If the law did not require *indebtedness* to be first incurred, and there-

after to be found in the way fixed by the Code, supra, then, with money to pay on hand, there could be instantaneous cash transactions, perhaps such, and under such conditions, as would not create debts."

Apparently acting on this suggestion of the court, the legislature in 1903 (Chap. 30, secs. 1, 2) amended sections 4811 and 4812 of the Political Code of 1895, and as thus amended they appear as sections 5078 and 5079, Revised Codes of 1921. Section 5078 provides for the presentation of all accounts and demands against a city, and contains this proviso: "Provided, however, that in case the total indebtedness of a city or town has reached three per centum of the total assessed valuation of the taxable property of such city or town, as ascertained by the last assessment for state and county taxes, it shall be lawful for, and such city or town is hereby authorized and empowered, to conduct its affairs and business on a cash basis as provided and contemplated by the next section of this Code."

Section 5079 provides for the auditing of all accounts and demands against the city, for the drawing of warrants if the account or demand is found correct, and for their payment, and then provides: "That in case the total indebtedness of a city or town has reached the limit of three per cent. provided in section 6 of Article XIII of the Constitution of the state of Montana, it shall be lawful for, and said city or town is hereby authorized and empowered, to thereafter manage and conduct its business affairs on a cash basis and pay the reasonable and necessary current expenses of the city or town out of the cash in the city or town treasury and derived from its current revenues, under such restrictions and regulations as the city or town council may by ordinance prescribe; and in the event that payment be made in advance, the city or town shall have power to require a cash deposit as collateral security and indemnity, equal in amount to such payment, and may hold the same as a special deposit with the city treasurer, in package form, as a pledge for the fulfilment and performance of the contract or obligation for which said advance shall have been

made; and provided, further, that before the payment of the current expenses above mentioned, the city or town council shall first set apart sufficient moneys to pay the interest upon its legal, valid, outstanding bonded indebtedness and any sinking funds therein provided for, and shall be authorized to pay all valid claims against funds raised by tax especially authorized by law for the purpose of paying such claims.''

Defendants contend here that it is by virtue of these statutory provisions that they are permitted to do the things complained of by plaintiff in its complaint. This court had these amendatory statutes under consideration in *Helena Water Works Co.* v. *City of Helena,* 31 Mont. 243, 78 Pac. 220, and there still adhered to the view, and correctly so, that, by operating under the cash or pay-as-you-go plan, the city, having already reached its limit of indebtedness, must thereafter operate in such a fashion as not to create any additional indebtedness against the city. It must pay out of cash in its treasury.

If the allegations of the complaint be true, and for the purpose of the demurrer they are so admitted, the defendants, though the city has exceeded its constitutional limit of indebtedness, are allowing accounts and demands against the city, drawing warrants therefor, and paying the same. When an account or demand against the city is allowed and a warrant drawn therefor, it becomes an indebtedness of the city, else it should not have been allowed as a demand against it, and, under section 6, Article XIII, supra, is void if the city has already exceeded its constitutional limit of indebtedness.

Sections 5078 and 5079, supra, do not authorize the creation of debts for current expenses of the city in excess of the constitutional limit, as contended by defendants. They simply authorize expenditures from the cash of the city in excess of interest and sinking fund requirements for necessary and reasonable current expenses after the city has reached its limit of indebtedness.

The legislature has no authority to permit a city to create a debt in excess of the constitutional limit. Recognition of this fact called forth the language above quoted from the case of

*Helena Water Works Co.* v. *City of Helena,* 27 Mont. 205, 70 Pac. 513. But payment of necessary and reasonable current expenses by cash or in advance of incurring a debt is legitimate, and this not because sections 5078 and 5079 have in anywise changed the constitutional limitation, but because they authorize the city to adopt a device whereby, without creating an additional indebtedness, a city which has reached its limit of indebtedness may still function on a cash basis.

The complaint here shows that the city does allow accounts ■ and demands against it—thus creates debts against the city—after its constitutional limit has been reached, and states facts sufficient to constitute a cause of action, unless, as contended by defendants, the complaint must show that the constitutional limit was not extended for water and sewer purposes, as in section 6 above provided, and that the demands allowed and the warrants drawn and paid are not for either of such purposes. In other words, must plaintiff, before it can be said that the complaint is sufficient, make it appear by the complaint that the debt limit has not been extended as authorized by section 6, Article XIII of the Constitution, for water or sewer purposes, or is that a matter of defense?

This court, in speaking of the sufficiency of an indictment or information for crime, has consistently held that, unless an exception found in a statute is a part of the definition of the offense sought to be described, the state need not negative such exception in an indictment or information, but that it is matter to be asserted in defense. (*State* v. *Wood,* 53 Mont. 566, 165 Pac. 592; *State* v. *Hopkins,* 54 Mont. 52, 166 Pac. 304, Ann. Cas. 1918B, 956; *State* v. *Finley,* 72 Mont. 42, 231 Pac. 390, and cases therein cited.)

Here it is alleged ''that the said city is indebted in excess of three per centum of the value of the taxable property therein as ascertained by the assessment of said property for state and county taxes for the year 1932, the limit of indebtedness prescribed by section 6 of Article XIII of the Constitution of Montana, and has been so indebted in excess of said limit for more than three years last past as ascertained and

shown by the assessments of said property for state and county taxes for the years 1929, 1930, 1931 and 1932.'' This is the statement of the ultimate fact that the city is indebted in excess of the constitutional limit of indebtedness.

There appears to us no good reason why the foregoing cases should not apply to the situation here presented. If the constitutional limit has been extended as authorized by section 6 of Article XIII of the Constitution, and if the city has not therefore exceeded the limit of indebtedness, that is a matter to be set up by defendants where, as here, the plaintiff has charged that the constitutional limit has been exceeded. The complaint states facts sufficient to constitute a cause of action. The court erred in sustaining the demurrer and motion to quash.

The judgment is reversed and the cause remanded, with directions to set aside the order sustaining, and to enter an order overruling, the demurrer and motion to quash.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, STEWART and ANDERSON concur.