STATE ex rel. W. R. SIMMONS, Plaintiff and Appellant, *v.*
The CITY OF MISSOULA, a Corporation, et al., Defend-
ants and Respondents.

No. 10724

Submitted March 3, 1964. Decided September 16, 1964.

395 P.2d 249

Dalton T. Pierson (argued), Missoula, for appellant.
Fred C. Root (argued), Missoula, for respondent.

MR. JUSTICE DOYLE delivered the Opinion of the Court.

The instant cause comes to this court by reason of a denial by the District Court of the Fourth Judicial District to grant an injunction sought against the City of Missoula as a municipal corporation, Missoula's mayor and the members of the city council of Missoula.

The City of Missoula owns a building located across the street from the Missoula Hotel. This building was initially used as a fire station. When the city constructed two new fire stations, the old fire station was used as a shop and garage for city road and park equipment. It is stipulated that this building is wholly inadequate for the purposes of shop and garage.

In December of 1937, the City of Missoula also acquired, by trustee's deed, several vacant lots located in the Sunnyside Addition of the City. Subsequently, the City established a park on this and adjoining property. However, a portion of this tract is not now being used for park purposes and both parties concede that it would make an ideal location for city shops and garages.

On July 22, 1963, the city council, by a two-thirds majority, passed and approved Resolution no. 2352 which, in effect, provided that the city would convey title to both properties, denominated "A" and "B" in the resolution, to one Theodore Jacobs, who would then cause to be built on property "B", a city-approved building, rent the building to the City for a sum of $7,000 annually for a period of three years with an option in the City of Missoula to purchase Property "B", together with the building thereon, for the sum of $1.00.

Prior to this resolution, the city council had budgeted the sum of $7,000 for the first year's rental under the lease to be executed.

The stipulated facts also reveal that at the time the resolution was passed by the city council the total value of the taxable property of the City of Missoula for state and county taxes as ascertained by the last assessment was $14,999,580 and the existing indebtedness of all kinds of the City was $1,715,000.

On July 29, 1963, appellant instituted this litigation by the filing of a complaint praying for an injunction to restrain the City of Missoula, its mayor and its city council from going forward with the intent of this resolution. On August 12, 1963, the city filed its answer. The cause was submitted to the court on August 26, 1963, upon an agreed statement of facts. Thereafter, on September 30, 1963, the court made and filed its decree that the appellant take nothing by his complaint and that the same be dismissed with prejudice. From this judgment of the court, the appellant takes this appeal.

The appellant sets out numerous specifications of error which, in substance, allege that the proposed resolution is violative of the bidding requirements of section 11-1202, R.C.M. 1947; that the City has no express authority to trade its property; that the city council could not enter into a lease which would extend beyond the term of its present members; that the property involved was property held in trust for the citizens of Missoula and therefore inalienable by the city officers, and; that the proposed resolution "violates the statutes providing for the orderly operation of a city government".

It appears to us that the question of whether the city council of the respondent city had the statutory authority, either expressly or by necessary implication, to effectuate the proposed resolution need not be ruled upon at this time in view of what hereinafter appears. We are confronted with the question of whether or not, at the time of passage of the resolu-

tion, the fiscal condition of the City was such as to preclude the incurrence of any indebtedness beyond the limit established by the Constitution of the State of Montana.

Article XIII, § 6, Mont.Const., as amended, provides that:

"No city, town, township, school district or high school district shall be allowed to become indebted in any manner or for any purpose to an amount, including existing indebtedness, in the aggregate exceeding five per centum (5%) of the value of the taxable property therein, to be ascertained by the last assessment for state and county taxes previous to the incurring of such indebtedness, and all bonds or obligations in excess of such amount given by or on behalf of such city, town, township, school district or high school district shall be void; and each school district and each high school district shall have separate and independent bonding capacities within the limitation of this section; provided, however, that the legislative assembly may extend the limit mentioned in this section, by authorizing municipal corporations to submit the question to a vote of the taxpayers affected thereby, when such increase is necessary to construct a sewerage system or to procure a supply of water for such municipality which shall own and control said water supply and devote the revenues derived therefrom to the payment of the debt."

Assuming that the present indebtedness of the City of Missoula, or a substantial portion of it, was not validly incurred by the terms of the proviso which extends the debt limit for the acquisition of water or sewerage systems, then, since its present indebtedness stands in excess of 11 percent, any further action by the municipal corporation to extend such indebtedness is void (State ex rel. Helena Water Works v. City of Helena, 24 Mont. 521, 63 P. 99, 81 Am.St.Rep. 453, 55 L.R.A. 336 (1900); Commonwealth Public Service Co. v. City of Deer Lodge, 96 Mont. 15, 28 P.2d 472 (1934)).

Proceeding further on the assumption that the respondent City was in excess of the constitutional debt limit, the question

arises as to whether the lease payments contemplated by the resolution are forms of indebtedness within the purview of Art. XIII, § 6. We think that they are.

Quoting with approval the early case of City of Springfield v. Edwards (84 Ill. 626 (1877), this court, in State ex rel. Helena Water Works, supra, 24 Mont. at 530, 532, held that:

" '* * * A debt payable in the future is obviously no less a debt than if payable presently; and a debt payable upon a contingency, as upon the happening of some event, such as the rendering of service or the delivery of property, etc., is some kind of debt, and therefore within the prohibition. If a contract or undertaking contemplates, in any contingency, a liability to pay, when the contingency occurs, the liability is absolute,—the debt exists,—and it differs from a present, unqualified promise to pay only in the *manner* by which the indebtedness was incurred. And, since the *purpose* of the debt is expressly excluded from consideration, it can make no difference whether the debt be for necessary current expenses or for something else.' "

And, further:

"* * * Nothing is said in the constitution as to the manner in which a city shall meet its current expenses. The inhibition is against a city becoming indebted in any manner or for any purpose to an amount exceeding a certain percent of its taxable property.

"In view of these holdings, we can conceive of no possible ground for the supposed distinction between an indebtedness for current expenses, payable out of the current revenues, and one for the payment of which no provision has been made, and for which the city is generally liable. [Citing cases.]"

Neither do we believe that the respondent City of Missoula, if beyond its debt limit, can proceed to effecutate the resolution under the provisions of section 11-1302, R.C.M.1947, et seq., which allows a municipality which finds itself in excess of its debt limitation to "manage and conduct its business

affairs on a cash basis and pay the reasonable and necessary current expenses of the city or town out of the cash in the city or town treasury and derived from its current revenues." (Section 11-1302).

The "term [current expenses] was doubtless used by the legislature to distinguish the common, recurring, running expenses of a city from such expenses as partake of the nature of an investment, or such as are to be incurred in a substantial or permanent improvement. In other words, the city may incur such necessary, reasonable expense as is requisite to the corporate existence of the city." (Helena Water Works Co. v. City of Helena, 31 Mont. 243, 248, 78 P. 220, (1904))

No one, we believe, would seriously contend that the acquisition of a building valued at approximately $46,000 would be a reasonable and necessary expense requisite to maintain the corporate existence of the City of Missoula.

The agreed statement of facts set forth the taxable property within the limits of the City of Missoula and the extent of that City's present indebtedness, and presents the question, but the proceedings in the district court are devoid of any finding thereon. Accordingly, the cause is remanded to the district court for a determination of the question of whether the City of Missoula at the time of passage of the resolution was indebted beyond the limit prescribed by Art. XIII, § 6, Montana Constitution.

If the district court so finds, the injunction should issue.

If, however, the findings are negative, a supplementary transcript of the proceedings had in the district court should be transmitted to this court for further consideration.

It is so ordered.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES CASTLES, JOHN CONWAY HARRISON and ADAIR, concur.