No. 10211-A. In re Petition of GERALD F. DAVIS.

Decided August 18, 1961. Rehearing denied September 1, 1961.

365 P.2d 948.

PER CURIAM.

Original proceeding: Gerald F. Davis, appearing pro se, being an inmate of the state prison, has filed herein an application for a writ of habeas corpus, contending that his confinement is illegal, in that the information was amended before trial to charge a previous conviction of a felony; and that while petitioner entered a plea of not guilty to such charge of previous conviction the jury in their verdict made no reference thereto as provided by section 94-7407, R.C.M.1947.

This is the fifth proceeding brought before this Court by this inmate. See orders of this Court dated April 4, 1961, 139 Mont. 616, 362 P.2d 1013; May 15, 1961; June 1, 1961, 139 Mont.

619, 361 P.2d 963, and June 12, 1961. By reason of these various proceedings this Court has examined the files of the District Court from time to time to ascertain the true facts as to various charges this petitioner has made. We appreciate that in this instance no part of such District Court records have been attached to the petition, for very apparent reasons as hereafter disclosed, yet, in view of the serious charges contained in such petition against the District Court of Gallatin County and the District Judge thereof, that justice may be done, we have again consulted such records.

The verdict of the jury filed in the office of the Clerk of the District Court of Gallatin County, Montana, reads as follows:

"We, the Jury, duly empanelled and sworn to try the issues in the above-entitled cause, find the defendant, Gerald F. Davis, guilty of the crime of Felony, to-wit: Lewd and Lascivious Act Upon a Child, as alleged in the Information, and find the charge of previous conviction of Felony, to-wit: Lewd and Lascivious Acts Upon a Child as alleged in the Information true and leave the fixing of his punishment to the Court.''

It is thus apparent that this contention made by petitioner is completely false.

Petitioner further contends that his sentence is in excess of that provided by law under the provisions of section 94-4713, R.C.M.1947. Petitioner is in error in this respect because he asserts he should have been sentenced under section 2 of that statute which provides for sentence of not exceeding ten years on a subsequent offense.

In view of the crime with which he was charged and found guilty, committing a lewd and lascivious act upon a minor female child, thirteen years old, which carries a penalty of imprisonment not exceeding twenty-five years (section 94-4106, R.C.M.1947, as amended by Chapter 57, Laws of 1959) he would properly be sentenced under section 1 of section 94-4713, R.C.M.

1947, which provides for sentence *not less than ten years* on a subsequent offense.

· It should be noted here that petitioner had the services of court-appointed counsel at all times during his arraignment and trial.

· We find no merit in the contentions advanced by petitioner herein, hence the writ is denied and the proceeding is ordered dismissed.

## On Petition for Rehearing

It is ordered that the petition of Gerald F. Davis for rehearing on his previous petition for a writ of habeas corpus which was denied by this Court on August 18, 1961, be and it is denied.